[No. F018173. Fifth Dist. Sept. 29, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
PEDRO PABLO HERNANDEZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of Issues I, II, and III.

**COUNSEL**

Jonathan P. Milberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, J. Robert Jibson and John A. O'Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ARDAIZ, J.**—In the published portion of this opinion, we address an apparent conflict between Penal Code section 1170.1 and Health and Safety Code section 11353.1. We conclude that the limitations on consecutive sentencing which appear in Penal Code section 1170.1, subdivision (a), do not prohibit the imposition of a mandatory Health and Safety Code section

11353.1 enhancement to the sentence of a defendant who is convicted of giving a controlled substance to a minor who is at least four years younger than the defendant.

Appellant was convicted, after a jury trial, of two counts of transporting cocaine (Health & Saf. Code, § 11352, counts 2 and 3) and two counts of giving cocaine to a minor (Health & Saf. Code, § 11353, counts 4 and 5). He was acquitted of a charge of murder (Pen. Code, § 187, subd. (a), count 1). He was sentenced to a total prison term of 17 years. This consisted of nine years on count 4, plus a three-year enhancement for being at least four years older than the minor (Health & Saf. Code, § 11353.1, subd. (a)(3)), and a consecutive term of two years on count 5, also enhanced by three years pursuant to Health and Safety Code section 11353.1, subdivision (a)(3).[1]

## FACTS

On October 21, 1991, 14-year-old Marina M. and 15-year-old Melissa O. were at the apartment of 19-year-old Ramona Soto on Flower Street in Bakersfield. Appellant came to Soto's apartment twice that day. During a morning visit, appellant gave Ramona some cocaine, spoke to her, and then left. Ramona was going to sell the cocaine, but Melissa asked for it, and Ramona gave the cocaine to Melissa, who used it. After awhile, Melissa asked Ramona several times to get more cocaine. According to Marina, Melissa was "bugging" Ramona to call appellant up and ask appellant to come over and bring more cocaine.

In the late afternoon appellant, who was in his 20's, did come back. He had with him a plastic sandwich bag containing cocaine. The bag was slightly less than half full. He asked Melissa and Marina if they wanted to try it. Marina and Melissa both said yes. Appellant told the girls they could have as much of the cocaine as they wanted. He left the bag of cocaine in the living room with the two girls and went into Ramona's room.

Melissa and Marina used some of the cocaine. After awhile, appellant emerged from Ramona's room and used some cocaine with Melissa and Marina. Melissa was snorting through a rolled up dollar bill. Appellant had given her the dollar bill. Melissa was also using appellant's driver's license to make lines of cocaine on a mirror. Melissa suffered a seizure, was taken by ambulance to a hospital, and died of a cocaine overdose. When appellant was arrested on December 5, 1991, he had in his possession two driver's licenses. On one of them was a substance which later testing confirmed was cocaine residue.

---

[1] See footnote 4, *post.*

## ISSUES RAISED ON APPEAL

Appellant raises four contentions on appeal. They are: (1) the trial court violated the Penal Code section 654 prohibition against double punishment by imposing sentences on both counts of giving a controlled substance to a minor (counts 4 and 5); (2) the trial court violated the Penal Code section 654 prohibition against double punishment by imposing Health and Safety Code section 11353.1 enhancements ("age difference" enhancements) on both counts of giving a controlled substance to a minor (counts 4 and 5); (3) the trial court erred in imposing consecutive sentences on counts 4 and 5 in that the court erroneously determined that there were "multiple victims" within the meaning of former subdivision (a)(4) of rule 425 of the California Rules of Court; and (4) the trial court's imposition of a Health and Safety Code section 11353.1 age difference enhancement on count 5 violated a Penal Code section 1170.1, subdivision (a) limitation on the maximum permissible length of a consecutive subordinate term.[2]

### I.-III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### IV.

### *Penal Code Section 1170.1, Subdivision (a) and Health and Safety Code Section 11353.1*

 Appellant contends that subdivision (a) of Penal Code section 1170.1 prohibited the court from imposing the three-year Health and Safety Code section 11353.1 age-difference enhancement on his count 5 conviction for giving cocaine to a minor (Marina). We disagree. Subdivision (a) of Penal Code section 1170.1 states: "Except as provided in subdivision (c) and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed pursuant to Section 667, 667.5, 667.6, or 12022.1,

---

[2]In the unpublished portion of this opinion we reject appellant's contention the sentence violates Penal Code section 654 for imposing sentence on both counts of Health and Safety Code section 11353, or violates the prohibition of section 654 pertaining to the age enhancement or that the court erred in concluding that separate victims were a basis for consecutive sentencing.

*See footnote, *ante*, page 1840.

and pursuant to Section 11370.2 of the Health and Safety Code. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any enhancements imposed pursuant to Section 667.8, 667.85, 12022, 12022.2, 12022.3, 12022.4, 12022.5, 12022.55, 12022.6, 12022.7, 12022.75, 12022.8, or 12022.9 and an enhancement imposed pursuant to Section 11370.4 or 11379.8 of the Health and Safety Code. *The subordinate term for each consecutive offense which is not a 'violent felony' as defined in subdivision (c) of Section 667.5 shall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction for which a consecutive term of imprisonment is imposed, and shall exclude any enhancements.* In no case shall the total of subordinate terms for such consecutive offenses which are not 'violent felonies' as defined in subdivision (c) of Section 667.5 exceed five years. The subordinate term for each consecutive offense which is a 'violent felony' as defined in subdivision (c) of Section 667.5, including those offenses described in paragraph (8) or (9) of subdivision (c) of Section 667.5, shall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of any enhancements imposed pursuant to Section 667.8, 667.85, 12022, 12022.2, 12022.4, 12022.5, 12022.55, 12022.7, 12022.75, or 12022.9." (Italics added.)

In this case the court chose to make the term for count 5 the consecutive subordinate term. Health and Safety Code section 11353 provides that the crime of giving cocaine to a minor "shall be punished by imprisonment in the state prison for a period of three, six, or nine years." One-third of the middle term of six years is two years. The court enhanced the two-year subordinate term on count 5 with a three-year Health and Safety Code section 11353.1 "age difference" enhancement.[4] Section 11353.1 states in relevant part:

"(a) Notwithstanding any other provision of law, any person 18 years of age or over who is convicted of a violation of Section 11353, in addition to the punishment imposed for that conviction, shall receive an additional punishment as follows:

"
. . . . . . . . . . . . . . . . . . . . . . . .

"(3) If the offense involved a minor who is at least four years younger than the defendant, the defendant shall, as a full and separately served

---

[4]Both appellant and respondent state in their respective briefs that the court imposed a two-year term on count 5. For the sake of accuracy, we note that what the trial judge actually did was impose a term of nine years on count 5, and stay all but two of the nine years until the successful completion of the sentence imposed on count 4, and then permanently thereafter. Appellant makes no contention that this was error.

enhancement to any other enhancement provided in this subdivision, be punished by imprisonment in the state prison for one, two, or three years, at the discretion of the court.

" . . . . . . . . . . . . . . . . . . . . . . . .

"(c) *The additional punishment provided in this section shall be in addition to any other punishment provided by law and shall not be limited by any other provision of law.*

"(d) Notwithstanding any other provision of law, the court may strike the additional punishment provided for in this section if it determines that there are circumstances in mitigation of the additional punishment and states on the record its reasons for striking the additional punishment." (Italics added.)

Appellant points to the language in Penal Code section 1170.1, subdivision (a) stating that the subordinate term for an offense which is not a "violent felony" consists of one-third of the middle term "and shall exclude any enhancements," and argues that the Health and Safety Code section 11353.1 enhancement cannot be imposed for the count 5 conviction. Respondent points to the language in Health and Safety Code section 11353.1, subdivision (c) stating that the age-difference enhancement "shall be in addition to any other punishment provided by law and shall not be limited by any other provision of law," and argues that if the enhancement were not imposed, Health and Safety Code section 11353.1, subdivision (c) would be violated because Penal Code section 1170.1, subdivision (a) would be "limiting" the age difference enhancement. Both parties agree that the two statutes, at least in this instance, are in conflict with one another.

Appellant asks us to apply the rule of statutory construction which gives a defendant the benefit of every reasonable doubt when a statute is interpreted. " '[W]hen language which is reasonably susceptible of two constructions is used in a penal law ordinarily that construction which is more favorable to the offender will be adopted.

" 'The defendant is entitled to the benefit of every reasonable doubt, whether it arise out of a question of fact, or as to the true interpretation of words or the construction of language used in a statute.' " (*People* v. *Davis* (1981) 29 Cal.3d 814, 828 [176 Cal.Rptr. 521, 633 P.2d 186], quoting *In re Tartar* (1959) 52 Cal.2d 250, 256-257 [339 Cal.Rptr. 553].)

This rule does not appear to us to be applicable here because we see no ambiguity in the phrase "shall not be limited by any other provision of law."

Furthermore, although subdivision (a) of Penal Code section 1170.1 appears to set forth a rule governing how to compute the "aggregate term of imprisonment," the Legislature appears to have expressly recognized that the rule set forth in subdivision (a) of section 1170.1 is subject to modification in certain instances. (See, e.g., Pen. Code, § 1170.1, subd. (c) [". . . the principal and subordinate terms shall be calculated as provided in subdivision (a), except that . . . ."] and subd. (b) ["The five-year limitation on the total of subordinate terms provided in subdivision (a) shall not apply to . . . ."].) In contrast to this, we see no legislative indication that there would be any instance in which a defendant who is convicted of giving cocaine to a minor at least four years younger than the defendant would not be subject to the provisions of Health and Safety Code section 11353.1. Although Penal Code section 1170.1, subdivision (a) talks about how to compute a subordinate term when that subordinate term could be a term imposed for any crime, Health and Safety Code section 11353.1 talks specifically about an enhancement that is to be imposed in the specific instance when (1) a defendant violates Health and Safety Code section 11353, and (2) that offense involves a minor who is at least four years younger than the defendant. "A *special statute*, dealing specifically with the particular criminal act involved, will control or supersede the general statute, in whole or in part." (1 Witkin, Cal. Criminal Law (2d ed. 1988), § 62, p. 80, italics original.) See also *People* v. *Gilbert* (1969) 1 Cal.3d 475, 481 [82 Cal.Rptr. 724, 462 P.2d 580], where the court gave effect "to the special provision alone in the face of the dual applicability of the general provision of the Penal Code and the special provision of the Welfare and Institutions Code." There will be many instances in which a convicted defendant's subordinate term will be limited to one-third of the prescribed middle term of imprisonment. When, however, that subordinate term is imposed for a defendant's violation of Health and Safety Code section 11353 and when that offense involved a minor who is at least four years younger than the defendant, the more particular provisions of Health and Safety Code section 11353.1 must control over the more general provisions of Penal Code section 1170.1, subdivision (a).

We also note that Penal Code section 1170.1 was enacted in 1976 (Stats. 1976, ch. 1139, § 273, p. 5140), and that even back then it called for consecutive terms to consist of one-third of the prescribed middle term of imprisonment, without enhancements.[5] And although the statute has undergone numerous amendments through the years, the particular sentence of

---

[5]Subdivision (a) of the statute as enacted in 1976 stated: "Except as provided in subdivisions (b) and (c) and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, and the second or

subdivision (a) with which we are concerned in this case reads the same today as it did in 1989 when the Legislature created the Health and Safety Code section 11353.1 age-difference enhancement. (Stats. 1989, ch. 1178, § 1.) If instead the enactment of Health and Safety Code section 11353.1 had preceded the enactment of Penal Code section 1170.1, one could perhaps argue that Penal Code section 1170.1 had been intended to supersede Health and Safety Code section 11353.1, and that the Legislature had inadvertently failed to amend the Health and Safety Code statute to provide that the enhancement would not apply when an Health and Safety Code section 11353 conviction provides the basis for a consecutive subordinate term of imprisonment. Here, however, where Health and Safety Code section 11353.1 is not only the more specific statute but also the later-enacted statute, the intent of the Legislature appears to have been that the applicability of the age difference enhancement "shall not be limited by any other provision of law," whether that other provision be Penal Code section 1170.1 or any other then-existing statute. ■ "Every provision of the Penal Code is to be construed to effect its object . . . . Thus, the Legislature does not intend a statute which may be easily frustrated or evaded." (*People* v. *Collins* (1975) 44 Cal.App.3d 617, 622 [118 Cal.Rptr. 864].) ■ The court did not err in enhancing appellant's count 5 conviction with the Health and Safety Code section 11353.1 age-difference enhancement.

The judgment is affirmed.

Stone (W. A.), Acting P. J., and Dibiaso, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 29, 1993.

---

other subsequent judgment imposes a consecutive term of imprisonment under Sections 669 and 1170, the aggregate term of imprisonment for all such convictions shall be the greatest term of imprisonment imposed by the judge for any of the crimes, including any enhancements which are imposed pursuant to Sections 12022, 12022.5, 12022.6, and 12022.7 plus one-third of the middle term of imprisonment prescribed for each other felony convictions for which a consecutive term of imprisonment is imposed without such enhancements. The court shall not impose additional terms as described in Section 667.5, 12022, 12022.5, 12022.6, or 12022.7 to enhance the one-third of the middle term sentence for such consecutive terms of imprisonment."