[No. G018969. Fourth Dist., Div. Three. Aug. 27, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
JOEL MADRIGAL, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

---

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts III and IV.

**COUNSEL**

Louis Marinus Wijsen, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Holly D. Wilkens and Anne Marie Urrutia, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SONENSHINE, J.**—Joel Madrigal contends he was unlawfully sentenced after his probation was revoked. We disagree and affirm the judgment.

I

On March 21, 1995, Madrigal pleaded guilty to transporting (counts 1 and 2) and possessing for sale (counts 3 and 4) heroin and cocaine. He also admitted soliciting a minor to participate in the transaction (count 5) and a

school-zone enhancement (Health & Saf. Code,[1] § 11353.6, subd. (b)). The court suspended imposition of sentence and placed Madrigal on three years probation.

On July 24, 1995, Madrigal admitted violating probation. The court revoked and reinstated his probation on condition he spend 90 days in jail.

On September 5, 1995, the day he was released from jail, Madrigal allegedly sold narcotics to an undercover police officer. Although a jury deadlocked on the charge, the court found there was sufficient evidence to find Madrigal in violation of his probation. Thereupon, the court sentenced him to ten years in prison, consisting of four years on count 1, two years on count 5 and four years for the school-zone enhancement. Sentencing on the remaining counts was stayed.

## II

■ Madrigal contends imposition of the school-zone enhancement violated Penal Code section 1170.1, which, subject to certain exceptions, limits the term of imprisonment to twice the base term. If that limitation applies, Madrigal's maximum allowable sentence would be eight years, double the four-year base term. We find the limitation inapplicable.

Penal Code section 1170.1, subdivision (g)(1) provides in pertinent part, "The term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term . . . , unless . . . an enhancement is imposed pursuant to subdivision (c) of Section 186.10 or Section 667, 667.15, 667.5, 667.8, 667.83, 667.85, 12022, 12022.2, 12022.4, 12022.5, 12022.55, 12022.6, 12022.7, 12022.75, or 12022.9 of this code, or an enhancement is being imposed pursuant to Section 11370.2, 11370.4, or 11379.8 of the Health and Safety Code[.]"

At first blush, it would appear the double-the-base-term limitation controls because section 11353.6, subdivision (b), the school-zone enhancement, is not listed among the excepted enhancement provisions.[2] However,

---

[1]Unless noted otherwise, all further statutory references are to the Health and Safety Code.

[2]Section 11353.6, subdivision (b) provides, "Any person 18 years of age or over who is convicted of [certain narcotics offenses] or of a conspiracy to commit one of those offenses, where the violation takes place upon the grounds of, or within 1,000 feet of, a public or private elementary, vocational, junior high, or high school during hours that the school is open for classes or school-related programs, or at any time when minors are using the facility where the offense occurs, shall receive an additional punishment of 3, 4, or 5 years at the court's discretion."

subdivision (e) of section 11353.6 states, "The additional terms provided in this section shall be in addition to any other punishment provided by law and shall not be limited by any other provision of law." As we now explain, this language controls over the general sentencing provisions set forth in Penal Code section 1170.1.

*People* v. *Hernandez* (1993) 18 Cal.App.4th 1840 [23 Cal.Rptr.2d 301] is instructive. There, Hernandez's base and subordinate sentencing terms were each enhanced three years because his narcotics offenses involved a minor who was at least four years his junior. (§ 11353.1, subd. (a)(3).) On appeal, Hernandez claimed his sentence violated Penal Code section 1170.1, subdivision (a), which states the subordinate term for nonviolent offenses "shall exclude any enhancements." In rejecting this argument, the court noted section 11353.1, subdivision (c) states the age-difference enhancement "shall be *in addition* to any other punishment provided by law and shall not be limited by any other provision of law." (Italics added.) Because this language is unambiguous, the rule of lenity (requiring a statute capable of two interpretations to be construed in the defendant's favor) did not apply. (18 Cal.App.4th at p. 1845.) Moreover, because section 11353 dealt specifically with Hernandez's particular criminal act, the court found it prevailed over the more general provisions of Penal Code section 1170.1. (18 Cal.App.4th at p. 1846.)

Like the age-difference enhancement in *Hernandez*, the school-zone enhancement states it *shall apply in addition to* any other statutory punishment provision. Because the enhancement language is unambiguous and relates to Madrigal's specific conduct, i.e., dealing narcotics within a school zone, it logically prevails over the general sentencing provisions of Penal Code section 1170.1. This construction also comports with the legislative intent behind section 11353.6 to eliminate drug trafficking with schoolchildren and shield minors from the evils of the drug trade. (*People* v. *Williams* (1992) 10 Cal.App.4th 1389, 1394 [13 Cal.Rptr.2d 379].) Therefore, the trial court correctly found the double-the-base-term limitation inapplicable to the school-zone enhancement.

III, IV*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

*See footnote, *ante*, page 400.

The judgment is affirmed.

Wallin, Acting P. J., and Rylaarsdam, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 10, 1997.