Filed 8/30/21  P. v. Lopez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES LOPEZ, JR.,<br><br>    Defendant and Appellant. | 2d Crim. No. B307113<br>(Super. Ct. No. 2018004712<br>(Ventura County) |

James Lopez, Jr. (Lopez) appeals a judgment following conviction of oral copulation with a minor, two counts of sale or furnishing cocaine, sale or furnishing alprazolam (Xanax), and possession for sale of alprazolam, with age-difference allegations regarding the drug-furnishing counts.  (Pen. Code, former § 288a, subd. (b)(1); Health & Saf. Code, §§ 11353, 11375, subd. (b)(1), 11353.1, subd. (a)(3).)

This appeal concerns Lopez's furnishing of cocaine and alprazolam to two minor teenage girls whom he met online. Lopez also committed sexual acts with one girl, in part memorialized by photographs and videos on her and his cellular

1

telephones. On appeal, he challenges the trial court's admission of her statements with a sheriff's deputy pursuant to the fresh complaint doctrine. He also contends that the court erred by imposing a one-year age-difference enhancement on a drug-furnishing count sentenced consecutively. (Health & Saf. Code, § 11353.1, subd. (a)(3).) We reject these contentions and affirm.

*FACTUAL AND PROCEDURAL HISTORY*

In February 2018, Jane Doe 1 was 16 years old and lived with her family in Camarillo. She met Lopez online through Snapchat and they became acquainted. Lopez was then 20 years old.

On February 6, 2018, Jane Doe 1 drove to Lopez's residence around midnight. Lopez gave her alprazolam pills and a drink that contained crushed pills. At trial, she testified that she did not recall the evening other than him driving her vehicle, a firearm inside the vehicle, and her vaginal penetration with sexual paraphernalia.

The following morning, Jane Doe 1 looked at her telephone and saw "Snapchat Memories" of Lopez and her using cocaine. A telephone video displayed Lopez inhaling cocaine from her naked body and another video displayed a firearm in her mouth. At trial, the prosecutor presented evidence of the videos and photographs taken from the videos.

When Jane Doe 1's mother returned home that evening, she found Jane Doe 1 confused and incoherent. Jane Doe 1's mother searched her daughter's purse and found a bag that contained white rocks. She also found a capped but opened whiskey bottle in the bedroom. Jane Doe 1's mother then called the police.

2

Jane Doe 1's mother searched her daughter's telephone and found videos and photographs depicting drug use, drugs, sexual paraphernalia, and sexual conduct between Lopez and her daughter.

Ventura County Sheriff's Deputy Sam Moss arrived at Jane Doe 1's home and he and her mother searched Jane Doe 1's bedroom, telephone, and purse. They found a man's necktie in the bedroom that was similar to that in a video depicting a necktie around Jane Doe 1's neck and a firearm in her mouth. They also found prescription pills that appeared to be alprazolam in Jane Doe 1's purse.

Moss then spoke with Jane Doe 1, who was emotional and appeared to be under the influence of drugs. She informed Moss that she and Lopez engaged in sexual acts, including his fondling of her breasts, oral copulation, and attempted intercourse. Laboratory testing of Jane Doe 1's blood revealed cocaine, cocaine metabolite, and alprazolam.

On February 8, 2018, sheriff's deputies detained Lopez following a traffic stop. Jane Doe 2, 15 years old, was a passenger in Lopez's vehicle. Jane Doe 2 appeared to be under the influence of drugs. At trial, she testified that she knew Lopez for several weeks and had used cocaine and alprazolam with him.

Later that night, sheriff's deputies searched Lopez's home and found a scale, cocaine, marijuana, and 504 alprazolam pills. They also discovered a pellet gun that appeared to be the firearm in Jane Doe 1's mouth in the video. Deputies also recovered Lopez's cellular telephone which contained videos of drugs and depicted Jane Doe 1 in his bedroom.

Sheriff's Deputy Dillan Alvarez interviewed Lopez on February 8, 2018. Lopez admitted providing cocaine and

3

alprazolam pills to Jane Doe 1 and Jane Doe 2.  Lopez also stated that Jane Doe 1 orally copulated him when he visited her home. Asked to explain, he stated that Jane Doe 1 "sucked on [his] penis."  At trial, the prosecutor played the interview recording.

The jury convicted Lopez of oral copulation with a minor, two counts of sale or furnishing cocaine, sale or furnishing alprazolam, and possession for sale of alprazolam.  (Pen. Code, former § 288a, subd. (b)(1); Health & Saf. Code, §§ 11353, 11375, subd. (b)(1).)  The jury also found that the victims were at least four years younger than Lopez at the time he furnished the illegal drugs (counts 2, 3, and 4).  (Health & Saf. Code, § 11353.1, subd. (a)(3).)

The trial court sentenced Lopez to eight years four months imprisonment, consisting of a principal three-year term for count 2 plus one year for the age-difference enhancement (Jane Doe 1); a subordinate consecutive two-year term for count 4 plus a full one-year term for the age-difference enhancement (Jane Doe 2); subordinate consecutive eight-month terms for the oral copulation and possession for sale convictions in counts 1 and 5; and a concurrent three-year term for the sale or furnishing of alprazolam in count 3.  The court imposed various fines and fees and awarded Lopez 268 days of presentence custody credit.

Lopez appeals and contends that the trial court erred by: 1) admitting evidence of Jane Doe 1's complaint as a fresh complaint, and 2) imposing a full consecutive one-year term for the age-difference enhancement on count 4 (Jane Doe 2).

## DISCUSSION

### I.

Lopez asserts that the trial court erred by admitting evidence of Jane Doe 1's complaint to Deputy Moss as a fresh

4

complaint. He contends the error is prejudicial regarding the oral copulation count and denied him due process of law and a fair trial.

Over defense hearsay objection, the trial court admitted evidence of these four statements: "[T]here was fondling of her bare breasts. There was oral copulation where she did give him a blowjob. And he did ejaculate on her face. And there was attempted vaginal intercourse where he attempted to put his penis in her vagina but wasn't able to be erect to make that happen." The only charged sexual offense was oral copulation.

We review the trial court's exercise of discretion in admitting or excluding evidence for an abuse of discretion, i.e., whether the court exercised its discretion in an arbitrary, capricious, or patently absurd manner resulting in a miscarriage of justice. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 9-10.)

In *People v. Brown* (1994) 8 Cal.4th 746, 749-750, our Supreme Court defined the fresh complaint doctrine as: "[P]roof of an extrajudicial complaint, made by the victim of a sexual offense, disclosing the alleged assault, may be admissible for a limited, nonhearsay purpose – namely, to establish the fact of, and the circumstances surrounding, the victim's disclosure of the assault to others – whenever the fact that the disclosure was made and the circumstances under which it was made are relevant to the trier of fact's determination as to whether the offense occurred." The fact of complaint does not include details of the incident, but does include evidence demonstrating the complaint related to the matter being inquired into and was not a complaint foreign to the subject. (*Id.* at p. 756.) Consequently, "the alleged victim's statement of the nature of the offense and

the identity of the asserted offender, without details, is proper." (*People v. Burton* (1961) 55 Cal.2d 328, 351, italics omitted.)

The trial court did not abuse its discretion by admitting Jane Doe 1's statements to Moss as a fresh complaint. She identified her sexual offender and the nature of the only charged sexual offense committed (oral copulation) without details or further description. (*People v. Burton*, *supra*, 55 Cal.2d 328, 352 [rejection of argument of inadmissible detail that defendant forced victim to play with his penis].) Jane Doe 1 provided no more details on oral copulation beyond that necessary to identify the sexual act committed.

It bears repeating that Lopez admitted he engaged in the act of oral copulation with a minor. And the recording of this admission was played to the jury. The totality of the evidence more than satisfies the dissent's concern over corpus delicti.

## II.[1]

Lopez argues that the trial court erred by imposing a full one-year enhancement pursuant to section 11353.1, subdivision (a)(3) for count 4, rather than a subordinate consecutive enhancement of eight months pursuant to Penal Code section 1170.1, subdivision (a). He points out that Penal Code section 1170.1 was amended following the 1989 enactment of section 11353.1, and, as the more recent statute, he asserts that it should govern.

Penal Code section 1170.1, subdivision (a) provides as relevant: "*Except as otherwise provided by law*, . . . when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and

---

[1] All statutory references in part II are to the Health and Safety Code unless stated otherwise.

6

whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under [Penal Code] Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and [Penal Code] Section 12022.1. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. *The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses.*" (Italics added.) Penal Code section 1170.11, enacted in 1997, defines "specific enhancement[s]" to include the age-difference enhancement of section 11353.1.

Section 11353.1 provides sentence enhancements in certain circumstances involving controlled substances. Subdivision (a)(3) provides: "*Notwithstanding any other provision of law, . . .* [¶] (3) If the offense involved a minor who is at least four years younger than the defendant, the defendant shall, as a full and separately served enhancement to any other enhancement provided in this subdivision, be punished by imprisonment in the state prison for one, two, or three years, at the discretion of the court." (Italics added.) Importantly, subdivision (c) provides: "The additional punishment provided in this section shall be in addition to any other punishment provided by law and *shall not be limited by any other provision of law*." (Italics added.)

7

*People v. Hernandez* (1993) 18 Cal.App.4th 1840, 1845-1846, concluded that then Penal Code section 1170.1, subdivision (a)'s sentencing limitation regarding enhancements did not preclude imposition of a full term age-difference enhancement pursuant to section 11353.1, subdivision (a)(3). *Hernandez* relied upon section 11353.1, subdivision (c), stating that the age-difference enhancement "shall not be limited by any other provision of law." (*Hernandez*, at p. 1845.) *Hernandez* reasoned in part that section 11353.1 was a specific statute that controlled over the more general sentencing provisions of then Penal Code section 1170.1, subdivision (a). (*Hernandez*, at p. 1846.)

The trial court properly imposed the full-term enhancement here because there is no conflict between the two statutes. Penal Code section 1170.1, subdivision (a) was amended in 2000 to add, among other things, the broad exception, "Except as otherwise provided by law . . . ." (No. 8 West's Cal. Legis. Service, p. 3572 (Assem. Bill No. 1808).)[2] Section 11353.1, subdivision (a), a more specific statute, states the enhancement is imposed "[n]otwithstanding any other provision of law," and subdivision (c) states that the enhancement "shall not be limited by any other provision of law." (*People v. Hernandez*, *supra*, 18 Cal.App.4th 1840, 1846.) We construe the law to effect its objective. (*Id.* at p. 1847.) The statutes, read together, are not in conflict.

Lopez's reliance upon *People v. Moody* (2002) 96 Cal.App.4th 987 is misplaced. The crimes committed in *Moody*

---

[2] Prior to the 2000 amendment, Penal Code section 1170.1, subdivision (a), read: "Except as provided in subdivisions (b) and (c), and subject to [Penal Code] Section 654 . . . ." The 2000 amendment occurred, of course, following the 1989 enactment of section 11353.1, the 1997 enactment of Penal Code section 1170.11, and *People v. Hernandez*, *supra*, 18 Cal.App.4th 1840.

occurred prior to the effective date of the 2000 amendments, particularly the "[e]xcept as otherwise provided by law" language in Penal Code section 1170.1.

*DISPOSITION*

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

I concur:


PERREN, J.

9

TANGEMAN, J., Dissenting:

I respectfully dissent. The trial court erred when it ruled that Deputy Moss's statements were admissible pursuant to the fresh complaint doctrine. The majority glosses over this error by proclaiming that Jane Doe 1 merely described "the nature of the sexual offenses committed *without details or further description*." (Maj. opn. *ante*, at p. 6, italics added.) I disagree with that characterization.

In my opinion, the admitted statements included gratuitous and highly prejudicial details ("there was fondling of her bare breasts. . . . she did give him a blowjob. And he did ejaculate on her face. And there was attempted vaginal intercourse . . . but [he] wasn't able to be erect to make that happen") which go far beyond a general description of a sexual assault. Even respondent implicitly acknowledges this problem when it misleadingly characterizes the testimony as follows: "Here, Deputy Moss's testimony—that [Jane Doe 1] *told him that she engaged in sexual activity with appellant*—fell within the scope of the fresh complaint doctrine" (respondent's brief at p. 14, italics added). Had it happened that way, respondent and the majority would be correct. But it didn't happen that way.

Nor was the error harmless. Apart from these statements, which were not admissible for their truth in any event (*People v. Ramirez* (2006) 143 Cal.App.4th 1512, 1522), the only other evidence of oral copulation consisted of appellant's admissions. But those admissions alone cannot support the conviction pursuant to the corpus delicti rule. (See *People v. Alvarez* (2002) 27 Cal.4th 1161, 1180.)

Even under the more deferential standard of harmless error set forth in *People v. Watson* (1956) 46 Cal.2d 818, 836,

1

reversal is compelled here.  This case is unlike *People v. Manning* (2008) 165 Cal.App.4th 870, 880-881, where the court found harmless error in admitting the victim's "fresh complaint statements" because those statements "were consistent with and cumulative to her trial testimony."  Jane Doe 1 did not make, or recall making, similar statements in her testimony.  Accordingly, no admissible evidence sufficient to support a conviction for oral copulation exists here.  I would reverse the conviction for oral copulation.

NOT TO BE PUBLISHED.

TANGEMAN, J.

Anthony J. Sabo, Judge

Superior Court of County of Ventura

_____

Mark D. Lenenberg, under appointment for the Court of Appeal, for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen and David E. Madeo, Deputy Attorneys General, for Plaintiff and Respondent.