Filed 12/9/13  P. v. Shoulders CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C072550 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 11F3193, 12F1346, 12F3699) |
| v. | |
| GREGORY DWONE SHOULDERS, | |
| Defendant and Appellant. | |

Defendant Gregory Dwone Shoulders was convicted, in three separate cases, of transportation of a controlled substance, possession of a controlled substance, possession of drug without a prescription, and inflicting corporal injury on a cohabitant after a previous conviction in violation of Penal Code section 273.5, subdivision (e).  Defendant admitted a great bodily injury enhancement, admitted he has served two prior prison terms, and was found to have a prior strike conviction.  The trial court denied defendant's motion to dismiss his prior strike and sentenced him to an aggregate term of 14 years four months in state prison.

1

On appeal defendant contends, and the People concede, that his sentence must be modified to reduce the consecutive four-year great bodily injury enhancement to one year four months (one-third of the four-year sentence). He also contends the trial court abused its discretion in denying his motion to dismiss the prior strike. We shall modify defendant's sentence to reflect the one-third term for the great bodily injury enhancement and affirm as modified.

## BACKGROUND

On June 8, 2011, defendant was stopped because he had no license plates or registration tags on his car. Defendant informed the officer that he was on active parole and consented to a search of his car. The search resulted in the discovery of methamphetamine in the vehicle's center console. Defendant pleaded guilty in Shasta County case No. 11F3193 to transporting a controlled substance (Health & Saf. Code, § 11379, subd. (a)) and admitted he had two prior prison terms within the meaning of Penal Code section 667.5.[1] Defendant was placed on three years' formal probation.

On February 29, 2012, defendant beat his girlfriend with a barstool. She escaped the assault by climbing out a bedroom window. Her arm was broken in the assault. Defendant pleaded guilty in Shasta County case No. 12F1346 to inflicting corporal injury on a cohabitant following a prior conviction (§ 273.5, subds. (a), (e)), admitted he inflicted great bodily injury (§ 12022.7, subd. (e)), and admitted he violated his probation in two cases. In exchange for his plea, he was to receive formal probation. Defendant was reinstated on probation in the previous cases and referred to probation for preparation of a probation report.

Less than a week later, on March 19, 2012, police responded to a disturbance report and contacted defendant at his house. Defendant and another man were having a

---

[1] Further undesignated statutory references are to the Penal Code.

2

dispute because defendant wanted to purchase Viagra without a prescription and the man brought Adderall instead. Defendant had 21 generic Adderall pills in his pocket. A jury found defendant guilty in Shasta County case No. 12F3699 of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and misdemeanor drug possession without a prescription (Bus. & Prof. Code, § 4060). The trial court found defendant had a prior strike conviction (the infliction of corporal injury on a cohabitant in Shasta County case No. 12F1346).

On October 29, 2012, the trial court denied defendant's motion to dismiss his prior strike conviction and sentenced him to an aggregate term of 14 years four months in state prison.

## DISCUSSION

### I

The trial court imposed a 14-year-four-month sentence as follows: the upper term of three years, doubled to six years, for possession of a controlled substance; a consecutive one-third the midterm, or one year four months, for inflicting corporal injury on a cohabitant, with a four-year consecutive term for the great bodily injury enhancement; a consecutive one-third the midterm, or one year, for transportation of a controlled substance; and two one-year consecutive terms for the two prior prison terms.

Defendant contends, and the People concede, that his sentence must be modified to reduce the consecutive four-year great bodily injury enhancement to one year four months (one-third of the four-year sentence).

Section 1170.1, subdivision (a) provides that subordinate terms "shall include one-third of the term imposed for any specific enhancements applicable" to a subordinate offense, and the great bodily injury enhancement (§ 12022.7, subd. (e)) is specified as such an enhancement. (§ 1170.11; see *People v. Moody* (2002) 96 Cal.App.4th 987, 990-993.) Thus, the sentence for the corporal injury great bodily injury enhancement must be

reduced to one-third the full term, i.e., one year four months. We shall modify the judgment accordingly.

## II

Defendant contends it was an abuse of discretion for the trial court to deny his motion to dismiss his prior strike conviction pursuant to section 1385 and *Romero*.[2] We disagree.

A trial court has the discretion to strike a prior serious felony conviction for purposes of sentencing only if the defendant falls outside the spirit of the three strikes law. (§ 1385; *People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).) In deciding whether to do so, the court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams*, at p. 161.)

Dismissal of a strike is a departure from the sentencing norm, and as such, we will not reverse the ruling on a *Romero* motion for an abuse of discretion unless the defendant shows the decision was "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) Reversal is justified where the trial court was unaware of its discretion to strike a prior strike or refused to do so, at least in part, for impermissible reasons. (*Id*. at p. 378.) But where the trial court was aware of its discretion, " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling . . . ' [citation]." (*Ibid*.)

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 531 (*Romero*).

Here, defendant has an exceedingly extensive adult criminal record with 10 felony convictions, 13 misdemeanor convictions, 12 returns on parole violations, and five violations of formal probation.  Since 1987 he has been unable to remain free from custody for more than two years without sustaining a new conviction, or a parole or probation violation.  In fact, he was on active parole when he committed the current transportation of a controlled substance offense, on two separate grants of probation when he committed the infliction of corporal injury strike offense, and was awaiting sentencing for the strike offense when he committed the possession of a controlled substance offense.  These past and current convictions demonstrate the ongoing nature of defendant's nearly continuous criminal behavior.

Defendant argues that his current and past offenses stem from his drug problem -- a fact he argues is mitigating and favors striking his prior conviction.  But although the trial court could have considered defendant's drug problem in mitigation, a court may also consider a drug-addicted defendant's failure to address his addiction as a factor showing the defendant's propensity for reoffending.  (*Williams*, *supra*, 17 Cal.4th at pp. 161, 163.)

Defendant also argues that his current offense could have been charged as a misdemeanor and was a nonviolent drug offense -- facts he also argues are mitigating and favor striking his prior conviction.  He claims that "[w]hat is missing from [his] record is violence."  While the current offense to which the three strikes enhancement was applied (possession of a controlled substance) is not a violent offense, defendant's continuing criminal behavior, which includes the current strike conviction of infliction of corporal injury on a cohabitant with great bodily injury for beating his girlfriend with a barstool and breaking her arm, most certainly *is* violent.  This violent offense was committed only a month before the enhanced offense.  Additionally, as the trial court noted, defendant had a previous felony and several misdemeanor convictions for domestic violence, as

well as brandishing and disturbing the peace offenses.  Thus, his criminal record by no means lacks violence.

The purpose of the three strikes law is to provide increased punishment for recidivist offenders who have demonstrated that they are not rehabilitated or deterred from further criminal activity as a result of their prior imprisonment.  (*People v. Davis* (1997) 15 Cal.4th 1096, 1099; *People v. Leng* (1999) 71 Cal.App.4th 1, 14.)  Defendant has demonstrated he is unable to remain crime free for any appreciable amount of time, even under supervision, and is well within the spirit of the three strikes law.  The trial court did not abuse its discretion in denying his section 1385 motion.

## DISPOSITION

The consecutive term for the great bodily injury enhancement in case No. 12F1346 is reduced from four years to one year four months.  As modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment reflecting the modification and to forward a certified copy thereof to the Department of Corrections and Rehabilitation.

                        RAYE            , P. J.

We concur:

        MAURO         , J.

        DUARTE        , J.

6