Filed 8/31/16  P. v. Moreno CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D069884 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD263534) |
| RONALD MORENO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Kathleen M. Lewis, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Ronald Moreno appeals a judgment sentencing him to seven years, eight months in prison after a jury convicted him of three counts of robbery and one count of attempted robbery.  Appointed appellate counsel filed a brief pursuant to *Anders v. California*

(1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We granted defendant Moreno an opportunity to file a supplemental brief on his own behalf, but he did not do so. After independent review, we discern no arguable appellate issues and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On November 17, 2015, Moreno was arraigned on an information alleging three counts of robbery in violation of Penal Code section 211 and one count of attempted robbery in violation of Penal Code sections 211 and 664. The information alleged Moreno robbed a Pearson Fuel gas station on El Cajon Boulevard on June 24, 2015 and August 20, 2015 (counts 1 and 2), robbed a Walmart store on August 24, 2015 (count 3), and attempted to rob the same Pearson Fuel gas station on El Cajon Boulevard on August 27, 2015 (count 4). Moreno entered a not guilty plea and denied the allegations. A jury trial commenced on January 8, 2016.

Samantha Rivera, a Pearson Fuel cashier, testified about the gas station robbery on June 24, 2015 (count 1). A man entered and asked for change. When Rivera opened the cash register, he pointed a gun at her and told her to empty the money into his backpack. Rivera complied; the man looked her in the eye and said, "I'm sorry, I'm sorry" before fleeing. The incident was captured on surveillance video. Rivera identified Moreno in a police photo lineup, at the preliminary hearing, and at trial, stating she recognized his eyes and a distinctive facial mark. She described the robber as being a little heavy and about five feet six inches or five feet seven inches in height. Moreno was 44 years old, five feet nine inches in height, and weighed 235 pounds. Moreno's wife, Annette

2

Thornton, also testified at trial. She identified Moreno in a still photo captured from surveillance footage of the robbery and told detectives she recognized the shirt Moreno wore.

Devonah Blackwell, another Pearson Fuel cashier, testified about the gas station robbery on August 20, 2015 (count 2). A man came in, pointed a black handgun at Blackwell, and demanded money. He emptied the register and fled. The incident was captured on surveillance video. At trial, Blackwell testified she could not identify Moreno in the footage because she recalled the robber wearing long sleeves and long shorts, not short sleeves and pants.[1] Blackwell could not identify Moreno at a police showup one week after the robbery, at the preliminary hearing, or at trial. However, Blackwell identified herself in the surveillance video taken that day and admitted she had been robbed only once. She described the robber as a middle-aged, heavyset Latino man, about five feet seven inches or five feet eight inches in height. After the robbery, the perpetrator ran to a nearby sandwich shop, where surveillance video captured his face. Thornton, defendant's wife, identified Moreno in a still photo taken from the surveillance footage and told detectives the shirt Moreno wore belonged to her son.

David Kelly, a Walmart cashier, testified about the robbery on August 24, 2015 (count 3). A man approached Kelly at a Walmart store to buy a bottle of glue. When Kelly opened the register, he pointed a black handgun at him and demanded all the cash from the register. He fled after taking the money. This incident was captured on

---

[1]     Blackwell's account at trial conflicted with her statement to police shortly after the incident that the robber wore a short-sleeved shirt.

3

surveillance video, which showed the robber wearing an Anaheim Angels baseball hat and carrying a backpack. The robber ran to a nearby trolley station, where surveillance video captured him rifling through a backpack that appeared to contain cash.

At trial, Kelly described the robber as a heavyset Hispanic male between five feet eight inches and five feet 10 inches in height. Kelly did not get a clear look at the robber's face, but he testified Moreno looked "very similar" in build, hair color, and complexion. Kelly was unable to identify Moreno in a photo lineup; he picked the wrong person twice. However, defendant's wife, Thornton, identified Moreno in a still photo captured from the trolley station's surveillance footage. Detectives later recovered the backpack and baseball hat seen in the videos from Moreno's motel room. The hat had Moreno's DNA on it.

The owner of the Pearson Fuel gas station, Rodney Mike Lewis, testified about the attempted robbery on August 27, 2015 (count 4). Lewis noticed a man loitering outside his gas station and recognized him from surveillance footage from the June 24th and August 20th robberies. The man wore surgical gloves and appeared to Lewis to be "casing" the gas station, watching people enter and exit, as if he were looking to rob the store. Lewis called police; Moreno tried to run but was arrested. Police found a pair of white gloves in his pocket.

Detective James Brown testified about his search of the motel room shared by Moreno and Thornton on August 27th. Thornton consented to the search. During the search, Thornton told Brown that Moreno had joked with her about getting a gun and robbing somebody. Thornton admitted making that statement on the stand but suggested

4

Brown had taken her words out of context. While searching the motel room, Brown found two toy guns in a drawer; Thornton told him they owned a third, an all-black one, that was missing. Police later recovered a black airsoft gun in a trash can located along the path Moreno ran on August 27th; the gun had Moreno's DNA on it.

At the close of the People's case in chief, defense counsel moved for acquittal on counts 2 and 4 (Pen. Code, § 1118.1). Counsel argued there was insufficient evidence to identify Moreno as the Pearson Fuel robber on August 20th. Counsel also argued there was insufficient evidence to show Moreno took a direct step toward committing robbery on August 27th, as required to convict him for attempted robbery. The court denied the motion, finding sufficient evidence that could sustain a conviction on both counts. The defense rested.

On January 15, 2016, the jury convicted Moreno on all four counts. On February 17, 2016, the court sentenced Moreno to a total prison term of seven years, eight months. As to count 1, the court imposed the five-year upper term (Pen. Code, § 213, subd. (a)(2)), finding several factors in aggravation. Specifically, the court found Moreno: (1) was armed and used a weapon in committing the crime; (2) had engaged in violent conduct indicating a serious danger to society; (3) had numerous prior convictions of increasing seriousness; (4) had served a prior prison term; (5) had unsatisfactory prior performance on probation or parole; and (6) caused significant emotional and psychological harm to the victims. (Cal. Rules of Court, rules 4.421(a)(2), (b)(1), (b)(2), (b)(3), (b)(5) & 4.408(a).) The court imposed consecutive one-year terms for counts 2

and 3 and a consecutive eight-month term for count 4. (Pen. Code, §§ 213, subd. (a)(2), 1170.1; *People v. Moody* (2002) 96 Cal.App.4th 987, 990.)

The court awarded Moreno 201 days of presentence custody credit—175 actual days and 26 good conduct days. The court imposed a restitution fine of $8,400 (Pen. Code, § 1202.4, subd. (b)), a parole revocation fine in the same amount (Pen. Code, § 1202.45, subd. (a)), $323 in victim restitution to Walmart, and $1834.23 in victim restitution to Pearson Fuel. Finally, the court imposed a $160 court operations assessment (Pen. Code, § 1465.8), a $120 conviction assessment (Govt. Code, § 70373, subd. (a)(1)), and $154 in testing fees.

On March 1, 2016, Moreno appealed.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel presented no argument for reversal but asked this court to review the entire record for error in accordance with *Wende, supra*, 25 Cal.3d 436. Pursuant to *Anders, supra*, 386 U.S. 738, counsel identified two issues that "might arguably support the appeal": (1) whether the trial court erred in denying Moreno's motion for acquittal as to counts 2 and 4 (Pen. Code, § 1118.1), and (2) whether the trial court abused its discretion in imposing the upper term of five years for count 1.

On July 6, 2016, after receiving counsel's *Wende* brief, we granted Moreno permission to file a supplemental brief within 30 days. Moreno has not responded.

A review of the record pursuant to *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, including the issues referred to by appellate counsel, has disclosed

6

no reasonably arguable appellate issues. As to the issues identified by counsel, there is sufficient evidence to support the jury's verdict on all four counts (*People v. Kelly* (2006) 40 Cal.4th 106, 126), and "a single factor in aggravation [such as the fact Moreno was armed] suffices to support an upper term" for count 1 (*People v. Osband* (1996) 13 Cal.4th 622, 730).

On independent review, we noted and considered whether Moreno could argue on direct appeal a Sixth Amendment violation of his right to effective assistance of counsel due to his trial counsel's failure to object to testimony regarding communications between Moreno and his wife, Annette Thornton. (See, e.g., *People v. Dorsey* (1975) 46 Cal.App.3d 706.) At trial, Thornton and Detective Brown both testified about Moreno's alleged statement to his wife that he should get a gun to commit robbery. Defense counsel did not object to the testimony on the basis it constituted confidential marital communications (Evid. Code, § 980) but instead elicited testimony during cross-examination that Thornton had told Brown that Moreno made the statement in jest.[2] Considering this testimony, trial counsel's failure to object would properly be raised by a petition for writ of habeas corpus rather than by direct appeal. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

---

[2] The confidential marital communications privilege "applies only in the case of a valid marriage" between Thornton and Moreno; it does not extend to unmarried persons who live together in a manner " 'tantamount to marriage.' " (*People v. Catlin* (2001) 26 Cal.4th 81, 130; *People v. Hunt* (1982) 133 Cal.App.3d 543, 559.)

Having reviewed the record pursuant to *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, including the issues referred to by appellate counsel, we find no reasonably arguable appellate issues.  Moreno has been adequately represented by counsel on this appeal.

DISPOSITION

The judgment is affirmed.

IRION, J.

WE CONCUR:

O'ROURKE, Acting P. J.

PRAGER, J.*

---

*     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.