Filed 6/28/24  P. v. Hall CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ELIJAH KAREEM SHABAZZ HALL,<br><br>　　　Defendant and Appellant. | B324967<br><br>(Los Angeles County<br>Super. Ct. No. NA104968) |

　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Judith Levey Meyer and Laura L. Laesecke, Judges.  Affirmed as modified.

　　　Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

## MEMORANDUM OPINION[1]

### A.   Procedural Background

A jury convicted defendant Elijah Kareem Shabazz Hall of one count of first degree murder (count 3); two counts of attempted second degree robbery (counts 1 and 2); and three counts of second degree robbery (counts 4, 5, and 6).  The jury found true gang enhancement allegations relating to all six offenses, and it also found true certain firearm enhancement allegations pertaining to the first degree murder and second degree robbery counts.  The trial court sentenced Hall to an aggregate indeterminate prison term of 75 years to life, along with an aggregate 23-year determinate prison term.  Hall's indeterminate and determinate prison terms included the gang and firearm enhancements, several of which were stayed.

In an unpublished decision, we:  vacated the gang enhancement findings for counts 1, 2, 3, 4, 5, and 6; vacated the firearm enhancement findings on counts 4, 5, and 6; modified the judgment to reflect that Hall was entitled to 1,501 days of presentence custody credit; affirmed the remainder of the judgment as modified; and remanded the matter to the trial court to afford the People an opportunity to retry the gang enhancements on counts 1, 2, 3, 4, 5, and 6 and the firearm enhancements on counts 4, 5, and 6.  We instructed the trial court to resentence Hall if the People elected not to retry these enhancements.

---

[1] We resolve this case by memorandum opinion because it "raise[s] no substantial issues of law or fact . . . ."  (Cal. Stds. Jud. Admin., § 8.1.)

2

On remand, the People chose not to retry the gang and firearm enhancements.  At the resentencing hearing held on September 19, 2022, the trial court sentenced Hall to an aggregate prison term of 75 years to life on count 3, followed by a consecutive aggregate determinate prison term of 12 years 8 months.  Regarding the sentence on count 3, the court imposed a term of 25 years to life, which term the court doubled pursuant to the "Three Strikes" law, along with a consecutive term of 25 years to life for the firearm enhancement.  The determinate sentence consists of a six-year term on count 4 (the midterm of three years, doubled pursuant to the Three Strikes law); consecutive terms of two years each on counts 5 and 6 (one-third of the midterm of three years, doubled pursuant to the Three Strikes law); and consecutive terms of one year four months each on counts 1 and 2 (one-third of the midterm of two years, doubled pursuant to the Three Strikes law).  Hall timely appealed the judgment.

We appointed counsel to represent Hall on appeal.  Hall's counsel filed an opening brief in which he raised no issues, requested that this court independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and represented that counsel remained available to brief any additional issues upon this court's request.

We independently reviewed the record and asked the parties to brief the following five issues:

1.	Regarding counts 1 and 2, did the trial court err in finding that the prison sentence for attempted second degree robbery is 16 months; two years; or three years; instead of one year; one year six months; or

two years six months, pursuant to Penal Code[2] sections 664 and 213?

2. Did the trial court err in including the $6,136.90 victim restitution award on *both* amended abstracts of judgment that were filed on August 29, 2023 (i.e., for both the determinate and indeterminate prison terms), rather than on just *one* of the two amended abstracts of judgment?

3. In the August 29, 2023 amended abstract of judgment for the determinate term, should the trial court have stated that Hall was entitled to 2,200 actual credits, rather than 1,501 actual credits and 699 local conduct credits?

4. Did the trial court err in ordering Hall to serve his indeterminate sentence prior to the determinate sentence?

5. Should the amended abstract of judgment for the determinate term be modified such that the "Date Sentence Pronounced" notation for the "Credit for Time Served" section would be changed from October 20, 2020 to the date of resentencing, September 19, 2022?

We received supplemental briefing from the parties on these issues.

---

[2] Undesignated statutory citations are to the Penal Code.

4

## B.    Discussion

### 1.    *The trial court erred in ordering Hall to serve his indeterminate prison term prior to his determinate sentence*

As we noted in our Procedural Background, *ante*, the trial court sentenced Hall to an indeterminate prison term of 75 years to life for murder, *followed by* a consecutive aggregate determinate term of 12 years 8 months in prison.  " '[W]henever a person is sentenced to prison on a life sentence and any other term of imprisonment for a felony conviction, and the sentences are to run consecutively, the sentence must provide that the determinate term of imprisonment *shall be served first* and the life sentence shall be consecutive to the determinate term, *and not vice versa*.' [Citations.]" (*People v. Garza* (2003) 107 Cal.App.4th 1081, 1085, italics added.)  In accordance with this rule, *Garza* held that a defendant was required to serve his determinate prison term prior to the commencement of his indeterminate sentence of 25 years to life. (See *id.* at pp. 1084–1085, 1096.)  Likewise, we modify the judgment to reflect that Hall was sentenced to an aggregate prison term of 12 years 8 months followed by a consecutive indeterminate prison term of 75 years to life.

### 2.    *The trial court correctly identified the middle term for Hall's attempted second degree robbery convictions in calculating his prison sentences for counts 1 and 2*

In resentencing Hall on his attempted second degree robbery convictions (counts 1 and 2), the trial court assumed that the middle term for each offense was two years.  As noted above, we asked the parties to address whether the middle term for

attempted second degree robbery is instead one year six months, as that is half the midterm prescribed for second degree robbery.[3]

The parties contend the trial court correctly identified two years as the middle term for counts 1 and 2. We agree. (See *People v. Moody* (2002) 96 Cal.App.4th 987, 990 [holding that the middle term for attempted second degree robbery is two years because § 664 does not apply to attempted second degree robberies and § 18 prescribes a default two-year midterm prison sentence for felonies].)

      3.     *Certain modifications should be made to the abstracts of judgment*

The parties agree that the following modifications should be made to the August 29, 2023 amended abstract of judgment for Hall's determinate sentence:

    1.     The victim restitution award of $6,136.90 should be stricken;

    2.     The abstract should be modified to reflect that Hall was awarded 2,200 days of presentence custody credit for 2,200 actual days of confinement, rather than for 1,501 days of actual confinement and 699 local conduct credits; and

---

[3] (See Procedural Background, *ante* [recapitulating the five issues for which we sought briefing, the first of which concerns the penalty for attempted second degree robbery]; § 664, subd. (a) [indicating that an attempt to commit an offense is typically punishable by imprisonment "for one-half the term of imprisonment prescribed upon a conviction of the offense attempted"]; § 213, subd. (a)(2) ["Robbery of the second degree is punishable by imprisonment in the state prison for two, three, or five years."].)

3. The "Date Sentence Pronounced" notation for the "Credit for Time Served" section of the form should be changed from October 20, 2020 to September 19, 2022.

In accordance with the parties' concessions, we hold the judgment should be modified to reflect these three changes to Hall's determinate sentence and instruct the trial court to amend the abstract of judgment to account for these modifications. (See *Williams v. Superior Court* (1964) 226 Cal.App.2d 666, 674 [" 'An express concession or assertion in a brief is frequently treated as an *admission* of a legal or factual point, controlling in the disposition of the case.' "]; *Artal v. Allen* (2003) 111 Cal.App.4th 273, 275, fn. 2 [" '[A] reviewing court may make use of statements [in briefs and argument] . . . as admissions against the party [advancing them].' "].)

We further note that the "Date Sentence Pronounced" notation for the "Credit for Time Served" section of the August 29, 2023 amended abstract of judgment for the *indeterminate* term also identifies the original date of sentence, i.e., October 20, 2020. Admittedly, this error appears to be of no consequence because all the "Credit for Time Served" boxes are blank, rendering that section of the abstract inapplicable. To avoid any ambiguity, we instruct the trial court to change the "Date Sentence Pronounced" notation from October 20, 2020 to September 19, 2022 on the abstract of judgment for Hall's indeterminate term as well.

7

## DISPOSITION

The judgment is modified as follows: (1) defendant Elijah Kareem Shabazz Hall shall serve an aggregate determinate prison term of 12 years 8 months followed by a consecutive indeterminate prison term of 75 years to life; (2) Hall is entitled to 2,200 days of presentence custody credit toward his determinate prison sentence for actual days of confinement, given that the trial court had resentenced him on September 19, 2022; and (3) Hall is obligated to pay one victim restitution award in the amount of $6,136.90 in connection with only his indeterminate sentence. As modified, the judgment is affirmed.

Upon the issuance of our remittitur, the trial court is directed to prepare a corrected minute order consistent with this opinion, amend the abstracts of judgment accordingly, and send certified copies of the corrected minute order and amended abstracts of judgment to the Department of Corrections and Rehabilitation. The clerk of the court is directed to send a copy of the opinion and remittitur to the Department of Corrections and Rehabilitation. (See Cal. Rules of Court, rule 8.272(d)(2).)

NOT TO BE PUBLISHED.


BENDIX, Acting P. J.


We concur:


CHANEY, J.                                    WEINGART, J.

8