[No. A100958. First Dist., Div. Three. May 28, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID LAVELL WILLIAM HILL, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*This opinion is certified for partial publication only. (Cal. Rules of Court, rules 976(b) and 976.1.) The portions to be published are the two paragraphs of the introduction of the opinion, the Factual and Procedural Background, Part I. A. of the Discussion, and the Disposition.

COUNSEL

Kathleen Woods Novoa, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Catherine A. Rivlin and Matthew P. Boyle, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**McGUINESS, P. J.**—David Lavell William Hill (appellant) pleaded guilty to two counts of second degree robbery resulting from an incident involving two victims. As to each count, he admitted to a sentencing enhancement that he had personally used a gun during the robbery. At sentencing, designating one robbery count as the principal offense and the other robbery count as the subordinate offense, the trial court imposed consecutive sentences for the robbery counts and the related gun-use enhancements under Penal Code,[1] section 1170.1, subdivision (a).

■ In the published portion of the opinion, we address appellant's contention that the trial court erred as a matter of law in calculating the sentence for the gun-use enhancement related to the subordinate robbery count. As part of the subordinate term, the trial court imposed three and one-third years (one-third of the upper term of 10 years) for the related gun-use enhancement. Appellant contends that under section 1170.1, subdivision (a), the trial court was required to impose one and one-third years, using the middle term of four years. We conclude the trial court was not so limited. It had the discretion to use any of the enhancement's terms of imprisonment—upper, middle, or lower—in calculating the subordinate term. In the unpublished portion of the opinion, we conclude that appellant's other arguments do not warrant remanding the matter for resentencing. Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts are taken from the preliminary hearing transcript and the probation department report. In the early morning hours of January 16, 2002, appellant and his wife robbed J.Y. and C.C. at gunpoint. During the robbery, appellant pointed a gun at J.Y.'s forehead and also placed the weapon against C.C.'s chest. According to J.Y., appellant threatened to kill him. After taking the men's wallets, appellant and his wife fled with the robbery proceeds of about $260. J.Y. contacted the police, describing the incident and the getaway car.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

The police arrested appellant and his wife after stopping their car. Inside the car, the police found a gun loaded with six hollow-point bullets in the magazine and one hollow-point round in the chamber. The gun's safety was on. Appellant had $227, believed to be money stolen from the victims. Shortly after the robbery, J.Y. and C.C. identified appellant and his wife. A few months after the robbery, the victims again identified appellant and his wife at the preliminary hearing.

Appellant was charged with two counts of robbery (§ 211), together with sentence enhancement allegations based upon his personal use of a firearm during the incident. (§§ 12022.5, subd. (a)(1), 12022.53, subd. (b).) He was also charged with possessing a weapon as an ex-felon (§ 12021, subd. (a)), and possessing ammunition as an ex-felon (§ 12316, subd. (b)).

In a negotiated disposition, appellant pleaded guilty to both counts of robbery and admitted one gun-use enhancement under section 12022.5, subdivision (a)(1), for each robbery count. He acknowledged that the maximum sentence the court could impose was 19 years four months. After appellant agreed that the remaining charges and enhancements could be considered for sentencing purposes under *People v. Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396], the court granted the People's motion to dismiss those counts and enhancements.

At sentencing, the trial court did not impose the maximum possible sentence of 19 years four months, as recommended by the probation department. Instead, the court imposed an aggregate term of 13 years four months, calculated as follows: (1) on the first count of robbery, designated as the principal offense, the court imposed the upper term of five years on that conviction and a consecutive term of four years (the middle term) on the related gun-use enhancement; and (2) on the second count of robbery, designated as the subordinate offense, the court imposed a consecutive term of one year (one-third of the middle term of three years) and a consecutive term of three years four months (one-third of the upper term of 10 years) on the related gun-use enhancement. (§§ 213, subd. (a)(2), 1170.1, subd. (a), 12022.5, subd. (a)(1).)

## DISCUSSION

### 1. Imposition of One-third of the Upper Term on the Subordinate Gun-use Enhancement

*A. Section 1170.1, Subdivision (a) Permits Trial Court to Use Upper Term in Calculating Subordinate Gun-use Enhancement*

Appellant argues that the trial court exceeded its authority when it used the upper term to calculate the sentence on the subordinate gun-use enhancement.

At the time of appellant's conviction and sentence, subdivision (a) of section 1170.1, provided: "[W]hen any person is convicted of two or more felonies . . . and a consecutive term of imprisonment is imposed . . . [t]he principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and *shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses*." (Italics added.) According to appellant, the reference to "one-third of the middle term of imprisonment" in that part of subdivision (a) of section 1170.1 dealing with consecutive subordinate substantive offenses should be applied to the last clause of the subdivision dealing with sentences for subordinate enhancements.[2]

 Because appellant argues, in effect, that a sentence on the subordinate gun-use enhancement, calculated by using the upper term, " 'could not lawfully be imposed under any circumstance,' " the issue is reviewable even though he made no objection on this basis in the trial court. (*People v. Smith* (2001) 24 Cal.4th 849, 852 [102 Cal.Rptr.2d 731, 14 P.3d 942].) However, we reject his contention that a failure to sentence as authorized under the statutory scheme constitutes "an abuse of discretion." Instead, we review de novo the interplay between sections 1170.1, subdivision (a), and 12022.5. (*Camarillo v. Vaage* (2003) 105 Cal.App.4th 552, 560 [130 Cal.Rptr.2d 26].)

Appellant's argument is based upon the premise that when the sentencing scheme for the section 12022.5 enhancement was changed in 1989 from a determinate term to one of three terms, the Legislature neglected to change the terminology in section 1170.1, subdivision (a), to reflect that the trial court was required to impose only one-third of the middle term on a subordinate enhancement. We conclude to the contrary.

In 1977, section 1170.1, subdivision (a), was amended to provide: "[t]he subordinate term for each consecutive offense . . . shall include one-third of any enhancement imposed pursuant to Section . . . 12022.5." (Stats. 1977, ch. 165, § 17, p. 649.) The Legislature also amended section 12022.5 to provide for an enhanced sentence of two years for personal use of a firearm while committing or attempting to commit a felony. (Stats. 1976, ch. 1139, §§ 305, 351.5, pp. 5162, 5176, eff. July 1, 1977; Stats. 1977, ch. 165, § 92, p. 678.)

---

[2] Since appellant's sentence in November of 2002, section 1170.1 has been amended once, but the Legislature has not changed the clause in subdivision (a) of the section requiring that the subordinate term include "one-third of the term imposed for any specific enhancements." (Stats. 2002, ch. 126, § 1, eff. Jan. 1, 2003; see Gov. Code, § 9600, subd. (a).)

By 1989 amendments to section 12022.5, the Legislature (1) changed the enhancement's punishment from a determinate term of two years to "three, four or five years" and (2) added requirements that the court (a) impose "the middle term unless there [were] circumstances in aggravation or mitigation," and (b) "state its reasons for its enhancement choice on the record at the time of sentencing." (Stats. 1989, ch. 1044, § 5, p. 3635; *id.,* ch. 1167, § 5, pp. 4529–4530; see Legis. Counsel's Dig., Assem. Bill No. 1504 (1989–1990 Reg. Sess.) 4 Stats. 1989, Summary Dig., p. 457.) Although section 1170.1 was also amended in 1989 (Stats. 1989, ch. 1044, § 1, pp. 3627–3628), and on several later occasions between 1989 and 1992, the Legislature did not change the language of subdivision (a), which continued to require a court to include in its subordinate term "one-third of any enhancements imposed pursuant to Section . . . 12022.5." (See Historical and Statutory Notes 50C West's Ann. Pen. Code (2004 ed.) foll. § 1170.1, pp. 198–201.)

In 1994, Division One of the Fourth District addressed a challenge to the version of section 1170.1, subdivision (a), requiring that the subordinate term must include " 'one-third of any enhancements imposed pursuant to Section . . . 12022.5.' " (*People v. Sandoval* (1994) 30 Cal.App.4th 1288, 1302 [36 Cal.Rptr.2d 646] (*Sandoval*).) In holding that section 1170.1, subdivision (a), as then written, permitted the trial court to use the upper term in calculating the sentence for a subordinate gun-use enhancement, the *Sandoval* court stated: "Sandoval also argues '. . . the Legislature inadvertently failed to update section 1170.1 subdivision (a) to reflect the changes it made some twelve years later to section [] . . . 12022.5.' He then argues there is no authority for imposition of one-third the upper term rather than one-third of the midterm for subordinate gun-use enhancements to be derived from section 1170.1, subdivision (a)'s language, which clearly states the term imposed 'shall include one-third of any enhancements imposed pursuant to Section . . . 12022.5.' [¶] We disagree. The plain meaning of the language is readily reconciled with the proposition that the Legislature meant exactly what it said. The trial court here sentenced just as is mandated by section 1170.1, subdivision (a). There was no error." (*Ibid.*)

Three years later, in 1997, the Legislature clarified any ambiguity in subdivision (a) of section 1170.1, by amending the statute to read as it does today, that the subordinate term must "include one-third of *the term* imposed for any specific enhancements applicable to those subordinate offenses."

(Stats. 1997, ch. 750, § 3, italics added.) The sponsor of the 1997 amendment explained that: "[t]he bill would redefine 'subordinate term,' for purposes of imposing consecutive sentences, to mean one-third of the middle term of imprisonment prescribed for each felony conviction for which a consecutive term of imprisonment is imposed. This bill expressly provides that the subordinate term shall also include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses." (Sen. Com. on Public Safety, Analysis of Senate Bill No. 721 (1997–1998 Reg. Sess.) Apr. 15, 1997, p. 3.)

█ In redefining the subordinate term in 1997, the Legislature " 'is deemed to be aware of the statutes and judicial decisions already in existence, and to have enacted or amended a statute in light thereof.' " (*People v. McGuire* (1993) 14 Cal.App.4th 687, 694 [18 Cal.Rptr.2d 12].) The *Sandoval* court had decided that under the earlier version of section 1170.1, subdivision (a), the trial court could use the upper term in calculating the sentence on a subordinate enhancement. Further, since 1989, the punishment for a gun-use enhancement included a range of three possible terms and, effective November 30, 1994, the punishment had been increased to three, four, and 10 years (Stats. 1994, 1st Ex. Sess., ch. 31, § 3, p. 8650, as amended by ch. 33, § 6, p. 8677; see Gov. Code, §§ 9600, subd. (a), 9605.) Given the clause limiting the trial court's discretion to imposing one-third of the middle term on the subordinate *substantive* offense, the Legislature surely knew how to limit the trial court's discretion to one-third of the middle term for a subordinate *enhancement*, if that was its intent. The juxtaposition of the language regarding the subordinate substantive offense and any related enhancement reflects purpose—not inadvertence. By not modifying the word "term" in the clause relating to the subordinate enhancements, the Legislature made clear what may previously have been implied—that the trial court retains the discretion to use any one of the available terms in calculating the sentence for a subordinate enhancement. Where only one term may be imposed for the enhancement, the trial court must impose one-third of that term in calculating the sentence for a subordinate enhancement. (See *People v. Moody* (2002) 96 Cal.App.4th 987, 990–994 [117 Cal.Rptr.2d 527].) But, when one of three terms is available, the trial court may choose the appropriate term in calculating the sentence enhancement, which includes not only the upper term but also the lower term, if warranted.

Appellant, in effect, asks us to rewrite section 1170.1, subdivision (a) by adding the word "middle," to an otherwise unambiguous provision, and thereby limit the trial court's discretion in calculating the sentence for a subordinate gun-use enhancement. He argues that "[i]t makes no sense when imposing consecutive sentences under section 1170.1, the trial court is limited to one-third the middle term on the substantive offense in subordinate terms, but not so on the enhancement attached to that offense. Traditionally, the

courts have always been so limited . . . ." However, appellant cites nothing in support of his argument that the trial courts have been so limited except the trial judge's query in this case regarding whether he was required to use the middle term in calculating the subordinate gun-use enhancement. The lack of published cases on the issue does not, as appellant contends, support a conclusion that trial courts have been reading section 1170.1, subdivision (a), to require the use of only the middle term in calculating the sentence on subordinate enhancements. Instead, the more likely scenario is that the trial courts have been appropriately choosing one of the three terms in calculating that sentence, as permitted under section 1170.1, subdivision (a)(1). (See *Sandoval, supra,* 30 Cal.App.4th at p. 1302.)

More importantly, appellant ignores the fact that "firearm-use enhancement[s] . . . do not constitute separate crimes or offenses, but simply are the basis for the imposition of additional punishment for the underlying substantive offense." (*In re Tameka C.* (2000) 22 Cal.4th 190, 198–199 [91 Cal.Rptr.2d 730, 990 P.2d 603].) By construing "term" to include one of three possible terms in calculating the subordinate enhancement, we "advance[] the purpose of enhancements which provide for additional punishment," (*People v. Castro* (1994) 27 Cal.App.4th 578, 586 [32 Cal.Rptr.2d 529]), tempered by the trial court's discretion to impose punishment commensurate with the underlying circumstances. That the trial court in this case chose to use the upper term, which represents a six-year increase from the middle term, does not warrant a different result. We construe section 1170.1, subdivision (a), " 'as favorably to [appellant] as its language and the circumstances of its application may reasonably permit. . . .' [Citation.]" (*People v. Garcia* (1999) 21 Cal.4th 1, 10 [87 Cal.Rptr.2d 114, 980 P.2d 829].)

### B. Trial Court Did Not Abuse Its Discretion in Using the Upper Term in Calculating the Sentence on the Subordinate Gun-use Enhancement*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante,* page 85.

## DISPOSITION

The judgment is affirmed.

Corrigan, J., and Pollak, J., concurred.

On June 25, 2005, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied September 11, 2004.