Filed 9/3/15  P. v. Chavez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANIEL CHAVEZ,<br><br>    Defendant and Appellant. | B257515<br><br>(Los Angeles County<br>Super. Ct. No. NA092359) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Mark C. Kim, Judge.  Affirmed in part and reversed in part.

Christopher Nalls, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Zee Rodriguez and Andrew S. Pruitt, Deputy Attorneys General, for Plaintiff and Respondent.

\*    \*    \*

In this appeal from his convictions for attempted murder, assault with a firearm, robbery and multiple assaults with a semiautomatic firearm, Daniel Chavez (defendant) challenges the sentence imposed on two of the enhancements making up his prison sentence of 72 years and 8 months to life, disputes the trial court's calculation of his custody credits, and asks us to review the sealed transcripts from the in camera *Pitchess*[1] hearing the trial court conducted.  We find that the *Pitchess* hearing was properly conducted, agree that the trial court's calculation of custody credits is two days too short, and conclude that the trial court's intent regarding the sentence to be imposed on the two enhancements is unclear and necessitates a remand for clarification.

### FACTUAL AND PROCEDURAL BACKGROUND

The charges in this case stem from two incidents, just days apart.

In the first incident, defendant—a member of the Westside Wilmas street gang—approached a stranger at a church carnival from behind, placed him in a headlock, asked him where he was from (a common inquiry by gang members), and shot him through the neck before the stranger could answer.  The stranger lived.

In the second incident, defendant walked into a MetroPCS store, pulled out and cocked a semiautomatic pistol, gestured the pistol at two customers in the store, and aimed it at the sales clerk while demanding money.  The clerk emptied the register and gave defendant $800 in cash.  After defendant left, the clerk and customers saw defendant approach a nearby house; after a standoff with a SWAT team, defendant emerged from the same house.  The house contained cash, two guns, and ammunition.

For the first incident, the People charged defendant with (1) attempted premeditated murder (Pen. Code, §§ 664, 187, subd. (a))[2], and (2) assault with a firearm (§ 245, subd. (a)).  The People further alleged that, as to the attempted murder, defendant personally and intentionally discharged a firearm causing great bodily injury (§ 12022.53,

---

[1]     *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

[2]     All further statutory references are to the Penal Code unless otherwise indicated.

subd. (b)); that, as to the assault, defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)); and that defendant committed both crimes for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)). For the second incident, the People charged defendant with (1) robbery (§ 211), and (2) three counts of assault with a semiautomatic firearm (§ 245, subd. (b)), one for each person in the store. The People further alleged that, as to the robbery, defendant personally used an assault weapon or machine gun (§ 12022.53, subd. (b)), and, as to the assaults, that defendant personally used a firearm (§ 12022.53, subd. (a)). As to all counts, the People alleged that defendant had suffered one prior "strike" conviction under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and had served three prior prison terms (§ 667.5).

A jury convicted defendant of all crimes and found all conduct enhancements to be true. After defendant waived his right to a jury, the court found the three prior prison terms to be true; the People dismissed the prior "strike" allegation.

The trial court imposed a sentence of 72 years and 8 months to life in prison. As to the charges pertaining to the first incident, the court imposed a sentence of 15 years to life on the attempted premeditated murder plus an additional 25 years to life for the firearm enhancement on that count. The trial court stayed the sentence on the related assault with a firearm count under section 654. As to the charges pertaining to the second incident, the trial court imposed a consecutive sentence of 32 years and 8 months calculated as follows: The trial court treated the assault count against the store clerk as the principal offense, and imposed an upper term sentence of 9 years for the assault plus an additional upper term sentence of 10 years for the personal use of a firearm enhancement. As to each of the subordinate assault counts, the trial court imposed consecutive sentences of two years for the assault (corresponding with one-third of the middle term) plus an additional sentence of three years and four months for the personal use of a firearm enhancement (corresponding with one-third of the *upper* term for that enhancement). The trial court then imposed three one-year sentences for each prior prison term. The trial court stayed the sentence for the robbery count under section 654.

3

The trial court awarded defendant 895 days of custody credit, comprised of 779 days of actual custody and 116 days of good time/work time conduct credit.

Defendant timely appeals.

## DISCUSSION

### I. Sentences for firearm enhancements

Defendant argues that the trial court erred in imposing one-third of the *upper* term for the firearm enhancements for the two assault counts against the customers (that is, counts 5 and 6). Specifically, he contends that this sentence is inconsistent with the court's stated intent. The court's stated intent is unclear. The court stated that it was imposing "a third of the *mid*-term" for the firearm enhancements on these two counts (which would have been a sentence of 16 months), but also stated its desire to "select [the] *high* term as to all counts" and the court actually imposed a sentence of one-third of the *upper* term for those enhancements (of 3 years and 4 months). Because the trial court had the discretion to impose one-third of *either* the middle term or upper term of a firearm enhancement attached to a subordinate offense (*People v. Hill* (2004) 119 Cal.App.4th 85, 87 [trial court has "the discretion to use any of the enhancement's terms of imprisonment—upper, middle, or lower—in calculating the subordinate term"]), and because we cannot tell which term the trial court intended, we will remand the matter to the trial court to specify which term is to be imposed for these enhancements. (Accord, *People v. Garcia* (1997) 59 Cal.App.4th 834, 839 [allowing remand for purposes of clarification])

### II. Custody credits

Defendant also contends that the trial court miscalculated his actual custody credits by one day. The People agree, and our calculation indicates that defendant was entitled to 780 days of actual custody credit (between May 23, 2012 and July 11, 2014)—not the 779 days the trial court calculated. (See *People v. Bravo* (1990) 219 Cal.App.3d 729, 735 [credit for days in custody includes the day of arrest and day of sentencing].) This change will also increase defendant's good time/work time conduct credits by one day. (See § 2933.1.) We accordingly order the abstract of judgment to be modified to

4

reflect 897 days of custody credit. (See *People v. Little* (1993) 19 Cal.App.4th 449, 452-453 [empowering Court of Appeal to so order].)

**III.** ***Pitchess* motion**

Prior to trial, the trial court granted defendant's *Pitchess* motion to discover personnel records relating to Officer Castellon of the Los Angeles Police Department, but found the records contained no discoverable material. Defendant asks us to review the transcripts from the in camera hearings the trial court conducted on Officer Castellon. We have done so, and find the record to be adequate to permit meaningful appellate review. (See *People v. Prince* (2007) 40 Cal.4th 1179, 1285-1286.) We have independently determined from the entire record and that of the sealed in camera proceedings that the trial court properly exercised its discretion and that the trial court did not err in refusing to disclose further materials.

**DISPOSITION**

The judgment is affirmed in part and reversed in part and remanded for further proceedings in accordance with this opinion. The clerk of the superior court is directed to prepare an amended abstract of judgment reflecting 897 days in custody credit, and to forward a certified copy of the amended abstract to the California Department of Corrections and Rehabilitation.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.</u>

_____, J.

HOFFSTADT

We concur:

_____, Acting P.J.

ASHMANN-GERST

_____, J.

CHAVEZ

5