Filed 1/28/21  P. v. Perez CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B305650 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA078030) |
| v. | |
| CRISTINO PEREZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael A. Cowell, Judge.  Affirmed as modified.

Richard B. Lennon and Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Cristino Perez (defendant) appeals the trial court's denial of his postconviction motion for relief, arguing for the first time on appeal that his sentence is unauthorized. He is right, so we direct the trial court to modify the abstract of judgment but otherwise affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I. The Underlying Crimes[1]

On two separate occasions in 2003, defendant robbed workers at two different textile factories at gunpoint. On both occasions, he took cell phones and other belongings from the textile workers; during the second occasion, he also absconded with $120,000 in cloth.

### II. Jury Verdicts

A jury convicted defendant of three counts of robbery (Pen. Code, § 211),[2] five counts of false imprisonment (§ 236), and one count of attempted robbery (§§ 211, 664). As to *all* of the counts, the jury found true the allegations that defendant had "personally used" a firearm, but the statutory bases for those findings were not the same: As to the robbery and attempted robbery counts, the jury found "personal use" under section 12022.53, subdivision (b); as to the false imprisonment counts, the jury found "personal use" under section 12022.5, subdivision (a).

---

[1] We draw these facts from our prior, unpublished appellate opinion affirming defendant's conviction. (*People v. Perez* (Sept. 7, 2005, B177028) [nonpub. opn.].)

[2] All further statutory references are to the Penal Code unless otherwise indicated.

### III. Sentencing

The trial court sentenced defendant to prison for 43 years and eight months. The court imposed a principal sentence of 15 years for one of the robberies, comprised of a base upper-end term of five years plus 10 years for the firearm enhancement under section 12022.53, subdivision (b). Next, the court imposed two consecutive sentences of four years and four months for the two remaining robbery convictions, comprised of a base term of one year (calculated as one-third of the midterm of three years) plus three years and four months for the firearm enhancement (calculated as one-third of the 10-year firearm enhancement under section 12022.53, subdivision (b)). The court then imposed five consecutive sentences of four years for the attempted robbery count and four false imprisonment counts, comprised of a base term of eight months (calculated as one-third of the midterm of two years) plus three years and four months for the firearm enhancement (calculated as one-third of the 10-year firearm enhancement under section 12022.53, subdivision (b)). The court imposed, but stayed under section 654, a four-year sentence for the last remaining false imprisonment count.

### IV. Direct Appeal

We affirmed defendant's conviction and sentence in September 2005. (*People v. Perez*, *supra*, B177028.)

### V. Motion for Postconviction Relief

In February 2020, defendant filed a motion to modify his sentence, arguing that the trial court now had discretion to dismiss his firearm enhancements under Senate Bill 620 and that the trial court erred in imposing consecutive sentences under section 654. The trial court denied the motion as "lack[ing] merit."

3

## VI.   Instant Appeal

Defendant filed this timely appeal of the denial of his motion for postconviction relief.

## DISCUSSION

On appeal, defendant raises a wholly new argument—namely, that his sentence is unauthorized because the trial court erred in imposing firearm enhancements on the false imprisonment counts pursuant to section 12022.53, subdivision (b).  As the People concede, this was error.  It was inconsistent with the jury's verdict, which made its "personal use" of a firearm finding based on section 12022.5, subdivision (a).  It was also inconsistent with the law because the firearm enhancements in section 12022.53 only apply to certain felonies, and false imprisonment is not among them.  (§ 12022.53, subd. (a).)  This error renders defendant's sentence unauthorized, which means it cannot be waived and thus may be challenged for the first time on appeal of a postconviction motion for relief.  (*People v. Scott* (1994) 9 Cal.4th 331, 354.)

However, because the *jury's findings* rested on the correct statutory basis, the way to correct the unauthorized sentence is to modify the abstract of judgment to reflect that the firearm enhancements for the false imprisonment counts rest on section 12022.5, subdivision (a) rather than section 12022.53, subdivision (b).  This does not result in any change in sentence because the version of section 12022.5, subdivision (a) in effect in 2004, like the version in effect now, gave trial courts the discretion to impose a sentence of three, four or ten years.  (Former § 12022.5, subd. (a), added by Stats. 2003, ch. 468, § 21, eff. Jan. 1, 2004.)  Because the trial court in this case always selected the upper-term sentence and ran every count consecutive to the others

4

(except where section 654 applied), the court evinced an unmistakable intent to maximize defendant's sentence. Thus, there is no reasonable probability that the trial court would have selected anything other than the upper-term 10-year enhancement under section 12022.5, subdivision (a). As a result, then, the court would have legally imposed the same sentence enhancement that it illegally imposed under section 12022.53, subdivision (b)—one-third of that 10-year enhancement for each false imprisonment count. (See *People v. Hill* (2004) 119 Cal.App.4th 85, 91-92; *People v. Sandoval* (1994) 30 Cal.App.4th 1288, 1302; § 1170.1, subd. (a) [requiring imposition of "one-third of the term imposed for any specific enhancements applicable to . . . subordinate offenses"].)

## DISPOSITION

The trial court is ordered to prepare and forward to the California Department of Corrections and Rehabilitation a modified abstract of judgment to reflect that the firearm enhancements imposed for the false imprisonment counts are imposed pursuant to section 12022.5, subdivision (a).  In all other respects, the judgment of conviction is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT

We concur:

_____, P. J.
LUI


_____, J.
ASHMANN-GERST

6