Filed 6/16/21  P. v. Escareno CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br><br>JOSE GUADALUPE ESCARENO,<br><br>    Defendant and Appellant. | A159650<br><br>(Mendocino County Super. Ct. No. SCUK-CRCR-15-80897-2) |

Appellant was convicted of two counts of attempted murder under Penal Code section 664/187, subdivision (a),[1] accompanied by firearm use enhancements under section 12022.53, subdivision (b), and consecutive sentences were imposed.  In a previous unpublished opinion, we affirmed the judgment of conviction but remanded the case for a hearing to allow the court to consider striking the firearm use enhancements under recent amendments that were enacted under Senate Bill 620.  On remand, the trial court struck the firearm enhancement attached to the subordinate count and reduced the aggregate term by three years four months, but it declined to strike the enhancement on the

---

[1] Further references are to the Penal Code unless otherwise indicated.

1

principal count.  We reject appellant's claim that this was an abuse of discretion.

## I.  BACKGROUND

On February 21, 2015, David S. saw appellant's nephew, Francisco Escareno, driving very fast through the neighborhood, and saw a dog fall off the back of Francisco's[2] truck.  About 15 minutes later, Francisco returned with appellant.  David told Francisco to drive more slowly because David's children played outside, which made Francisco angry.  The two men started to fight.  Appellant tried to hit David, and attempted to punch David's brother, Eduardo S., who was also present.

Appellant then ran to the truck, retrieved a pistol, and hit David in the back with it, causing it to fire.  David felt a hard blow to his back and heard a shot.  David fell off Francisco, who stood up.  Appellant told David and Eduardo, "I'm going to kill you," and tried to fire at them several times, but the gun was jammed.  Appellant and Francisco then got in the truck and left.

Appellant told a sheriff's deputy he had hit David on the back with the gun, which caused the gun to "go off."  Appellant then saw the gun was jammed and he cleared it.  Law enforcement found the gun in Francisco's truck.  It did not appear to be jammed.

Based on this evidence, a jury convicted appellant of two counts of attempted murder against David and Eduardo and found that appellant had personally used a firearm in connection with those offenses under section 12022.53, subdivision (b).  On

_____

[2] We use first names only to ease the burden on the reader.

April 18, 2017, appellant was sentenced to prison for an aggregate term of 20 years eight months: the lower term of five years plus a consecutive ten years for the firearm use enhancement on one count, plus a consecutive sentence of five years eight months on the other count (one-third the middle term for the attempted murder count and one-third the term for the enhancement).[3] (See *People v. Hill* (2004) 119 Cal.App.4th 85, 88–92 [when only one term is provided for enhancement, court must imposed one-third of that term on subordinate counts].)

The convictions were affirmed on direct appeal in an unpublished opinion filed December 7, 2018. (*People v. Escareno* (Dec. 7, 2018, A151350) [nonpub. opn].) The law had been amended since the time of appellant's original sentencing to give courts the discretion to strike firearm enhancements under section 12022.53, which had previously been mandatory. (§ 12022.53, subd. (h), as amended by Stats. 2017, ch. 682, § 2.) We concluded appellant was entitled to have this amendment applied retroactively to his case because it was not yet final on appeal, and we remanded the matter to superior court so the court could consider exercising its discretion.

A hearing for this purpose was held in the superior court on December 13, 2019. The judge who had presided over the trial

---

[3] The jury also found true two counts of assault by means of force likely to cause great bodily injury under section 245, subdivision (a)(4) plus two firearm use enhancements under section 12022.5, subdivision (a), and two counts of making criminal threats (§ 422). The court granted a motion for new trial on the criminal threats counts and stayed the sentences on the assault counts under section 654.

had retired, so a different judge heard the motion. The new judge (Hon. John Behnke) stated that he had reviewed the probation report, the defense sentencing memoranda, the Court of Appeal opinion, letters in support of defendant and the motion for new trial filed before the original sentencing. He indicated his tentative intent was to strike or stay one of the two enhancements.

Defense counsel had presented approximately 30 letters of support from petitioner's friends and family, which uniformly describe appellant as a loving husband, uncle and brother who was hardworking, generous with his time, and always willing to help family members and friends. Counsel also argued a number of factors in mitigation: appellant was not the initiator of the incident, but was assisting his nephew; no one had been seriously injured; the initial discharge of the gun was accidental; appellant had no prior record of violence and a minimal criminal record; and appellant had been a model prisoner and received his GED since being in prison.

The prosecutor did not dispute that appellant had strong family support, but noted that David had been injured when he was struck by the gun, that both victims had suffered emotional distress, and that it was only a fortuity that the gun failed to fire. He asked the court to consider striking only the firearm enhancement on the second attempted murder count if it were inclined to reduce the sentence.

The court indicated that under 1385, it typically considered youth, the number of adult priors, the nature of past and current

4

offenses and the overall length of the prison term imposed when deciding whether to strike an allegation. It noted that appellant was 29 years old at the time of the offenses and had never been to prison, that his priors were minimal, and that the incident was not planned. He had "tremendous" family support, and the trial judge had taken his standing in the community into consideration when imposing the lower term, but the trial judge had also indicated from his comments on the record that it would ignore the conduct toward the second victim to impose concurrent terms.

The court struck the firearm allegation on count 2, for which appellant had been consecutively sentenced, and reduced his term by three years four months. "So I get that the firearm enhancement is to impose substantial[ly] longer prison sentences on felons who use firearms in the commission of their crimes and that is an important and significant public policy. [¶] And I also get that the defendant's background and experience, lack of record, family support and all that compel in my view some act or, you know, relief; however, balancing the two, the tentative decision that had, I think, strikes the appropriate balance under all the circumstances." The court reviewed the facts of the case in detail and observed, "I agree it's a long sentence, but it's a long sentence because the defendant used a firearm in the course of two counts of attempted murder which the jury clearly convicted him of."

## II. DISCUSSION

Appellant contends the court abused its discretion on remand by declining to strike the section 12022.53 enhancement on the principal count as well as the enhancement on the subordinate count. We disagree.

When appellant was initially sentenced in 2017, the trial court had no authority to strike his section 12022.53 enhancement. Effective January 1, 2018, while his direct appeal was pending, section 12022.53 was amended to permit trial courts to strike firearm enhancements. Subdivision (h) of section 12022.53 now states that "[t]he court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law." This provision applies retroactively to cases not yet final on appeal. (*People v. Robbins* (2018) 19 Cal.App.5th 660, 678.) Accordingly, we remanded the case so the court could exercise its newly-conferred discretion.

"The factors that the trial court must consider when determining whether to strike a firearm enhancement under section 12022.53, subdivision (h) are the same factors the trial court must consider when handing down a sentence in the first instance." (*People v. Pearson* (2019) 38 Cal.App.5th 112, 117 (*Pearson*).) These include the general objectives in sentencing (Cal. Rules of Court, rule 4.410), circumstances in aggravation

6

(Cal. Rules of Court, rule 4.421), and circumstances in mitigation (Cal. Rules of Court, rule 4.423). (See *Pearson*, at p. 117.)

We review a trial court's denial of a motion to strike a firearm enhancement for abuse of discretion. (*Pearson*, *supra*, (2019) 38 Cal.App.5th at p. 116.) An abuse of discretion occurs only "in limited circumstances," such as "where the . . . court was not 'aware of its discretion' to dismiss [citation], or where the court considered impermissible factors in declining to dismiss [citation]." (*People v. Carmony* (2004) 33 Cal.4th 367, 378.)

" 'In reviewing for abuse of discretion, we are guided by two fundamental precepts. First," '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " [Citations.] Second, a " 'decision will not be reversed merely because reasonable people might disagree. "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge. " ' " [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it.' " (*Pearson*, *supra*, 38 Cal.App.5th at p. 116.)

There was no abuse of discretion here. The court was well-aware it now had the power to strike a firearm enhancement. The judge who heard the motion had not presided

7

over the trial, but he reviewed the facts in some detail and acknowledged several mitigating circumstances, including appellant's relative youth, his lack of a significant criminal history, and his strong family support. The court struck a firearm enhancement on one of the two counts, reducing appellant's sentence by three years four months. That it did not further reduce the sentence does not mean that no reasonable person could agree with the result; it simply means that *this* judge was persuaded the objective of the sentencing law would best be served by imposing one of two firearm enhancements.

## III.    DISPOSITION

The judgment is affirmed on appeal.[4]

---

[4] Appellant has also filed a petition for writ of habeas corpus as a companion to this appeal in *In re Escareno*, A161800. In that matter, we have issued an order to show cause returnable in the superior court.

_____

NEEDHAM, J.

We concur.

_____

SIMONS, Acting P. J.

_____

BURNS, J.

*People v. Escareno / A159650*

9