Filed 11/6/24  P. v. Moore CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099483 |
| Plaintiff and Respondent, | (Super. Ct. No. 07F06960) |
| v. | |
| SHAWN MOORE, | |
| Defendant and Appellant. | |

Defendant Shawn Moore appeals the trial court's order denying his Penal Code[1] section 1172.6 petition, but he concedes he does not challenge the court's decision "in

---

[1] Further undesignated statutory references are to the Penal Code.  Moore originally filed his petition under former section 1170.95.  Effective June 30, 2022, the statute was renumbered to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.) We refer to section 1172.6 throughout this opinion.

1

substance." Instead, Moore raises an issue unrelated to the denial of his petition — that his original sentence was unauthorized, thus requiring remand for a full resentencing hearing. Alternatively, he argues this court should remand and direct the trial court to consider exercising its discretion under Assembly Bill No. 600 (2023-2024 Reg. Sess.), which amended section 1172.1 to authorize a trial court to recall and resentence a defendant under current law.

Moore's unauthorized sentence claim, brought for the first time over a decade after he was sentenced in 2008 and not raised in his direct appeal of the judgment or in the petition proceeding below, is not subject to this court's jurisdiction in an appeal from the denial of his section 1172.6 petition. Because the trial court properly denied his petition at the prima facie stage, as the record of conviction conclusively shows Moore was convicted of attempted murder on a still-valid theory, and we have no jurisdiction to consider his unauthorized sentence claim in this appeal, we shall affirm.

## BACKGROUND

In 2007, several teenage boys demanded money from a man selling ice cream in a park; at least two hit the man in the head and one shot him in the stomach and the chest, requiring lifesaving surgery. (*People v. Moore* (Nov. 19, 2009, C060125) [nonpub. opn.] (*Moore*).)[2] An eyewitness identified Moore as the gunman from a photographic lineup, and one of the boys, who was jointly charged with Moore and who later took a plea deal promising to testify truthfully in Moore's trial, ultimately testified that Moore shot the ice cream vendor after first identifying another shooter.

---

[2]    This brief factual background is based on this court's unpublished opinion in Moore's direct appeal in *Moore, supra*, C060125, and is provided for context only. We granted the People's request to incorporate by reference the appellate record in *Moore*.

2

In 2008, a jury found Moore guilty of attempted murder and attempted robbery and found multiple attached firearm use enhancements to be true, including that Moore personally and intentionally discharged a firearm and proximately caused great bodily injury (§ 12022.53, subd. (d)). The trial court sentenced him to an aggregate term of 32 years to life in prison, and we affirmed the judgment on direct appeal. (*Moore, supra*, C060125.)

In September 2022, Moore filed a section 1172.6 petition for resentencing. The court appointed counsel and received briefing from the parties. The People opposed the petition, arguing Moore was ineligible for relief as a matter of law because the record of conviction, including the jury instructions, showed the jury was never instructed on the natural and probable consequences doctrine. They attached copies of the verdict forms, the jury instructions given, and the jury instructions that had been withdrawn. In reply, Moore argued he had made a sufficient prima facie showing.

At a prima facie hearing in June 2023, the parties submitted on the briefs without further argument and the court took the matter under submission. In September 2023, the trial court issued a written ruling denying the petition, finding Moore ineligible for relief as a matter of law because he was convicted of attempted murder on a still-valid theory of liability. In so ruling, the court noted that the jury was never instructed with either CALCRIM No. 402 or CALCRIM No. 403 regarding attempted murder under a natural and probable consequences theory, and instead was instructed with CALCRIM No. 600, which required the jury to find beyond a reasonable doubt that Moore "intended to kill [the victim]." This appeal followed.

## DISCUSSION

Although Moore appeals from the order denying his section 1172.6 resentencing petition at the prima facie stage, he does not contend the court erred in denying the petition. Nor could he. The court properly found, based on the record of conviction, including the jury instructions given during trial, that the jury was never instructed on

3

attempted murder based on the natural and probable consequences doctrine — a prerequisite to relief under section 1172.6's plain language. (§ 1172.6, subd. (a) ["[a] person convicted of . . . *attempted murder under the natural and probable consequences doctrine* . . . may file a petition" (italics added)]; see also *People v. Coley* (2022) 77 Cal.App.5th 539, 548 [recognizing that former § 1170.95 (now § 1172.6) "applies by its terms only to attempted murders based on the natural and probable consequences doctrine"; because the jurors were not instructed on that doctrine, the defendant was ineligible for relief]; *People v. Ervin* (2021) 72 Cal.App.5th 90, 102 [the record of conviction may include "the court's instructions to the jurors"].)

Moore instead challenges his sentence on the ground that the 18-month term imposed on his attempted robbery conviction was unauthorized,[3] an issue wholly unrelated to the denial of his section 1172.6 petition. Generally, "a criminal defendant who fails to object at trial to a purportedly erroneous ruling forfeits the right to challenge that ruling on appeal." (*People v. Anderson* (2020) 9 Cal.5th 946, 961.) Likewise, a defendant who could have, but failed, to raise an issue in a first appeal generally is precluded from raising the issue in a subsequent appeal absent a showing of justification for the delay. (*People v. Senior* (1995) 33 Cal.App.4th 531, 535; *People v. Jordan* (2018) 21 Cal.App.5th 1136, 1141, 1144-1145 [concluding that because the defendant did not

---

**3**      The parties agree the sentencing triad for attempted second degree robbery is 16 months, or two or three years. (See § 213, subd. (b) ["[n]otwithstanding Section 664, attempted robbery in violation of paragraph (2) of subdivision (a) is punishable by imprisonment in the state prison"]; former § 18 [providing at the time of Moore's sentencing that except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony, or to be punishable by imprisonment in a state prison, is punishable by imprisonment in any of the state prisons for 16 months, or two or three years]; *People v. Moody* (2002) 96 Cal.App.4th 987, 990 [addressing appropriate sentencing triad for an attempted second degree robbery conviction under §§ 18 & 213].)

4

raise the penalty assessment claims in his original appeal, he could not raise them in a subsequent appeal].)

But there is an exception to this rule for an unauthorized sentence, which may be challenged despite a final judgment of conviction, even after affirmance on appeal. (*In re G.C.* (2020) 8 Cal.5th 1119, 1130.) "The unauthorized sentence doctrine is designed to provide relief from forfeiture for 'obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings.' " (*People v. Anderson, supra*, 9 Cal.5th at p. 962.) "It applies when the trial court has imposed a sentence that 'could not lawfully be imposed under any circumstance in the particular case.' " (*Ibid.*)

Our Supreme Court has made clear, however, that by permitting a defendant to challenge an unauthorized sentence on appeal even absent an objection below, the unauthorized sentence rule constitutes a narrow exception to the *forfeiture doctrine* (*In re Sheena K.* (2007) 40 Cal.4th 875, 886-887), " 'not to the *jurisdictional* requirement of a timely notice of appeal' " or other means of properly challenging the judgment of conviction. (*In re G.C., supra*, 8 Cal.5th at p. 1129.) To invoke the rule, the reviewing court must have jurisdiction over the judgment. (*Id.* at p. 1130; see also *People v. King* (2022) 77 Cal.App.5th 629, 637 [relying on *In re G.C.* to conclude that "[t]he [unauthorized sentence] doctrine does not itself create jurisdiction for the trial court to rule on a motion challenging the legality of a sentence"]; *People v. Moore* (2021) 68 Cal.App.5th 856, 865 [court lacked jurisdiction to address the defendant's unauthorized sentence claim regarding a long-final judgment in an appeal from an order denying a youth offender evidence preservation hearing].)

In *In re G.C.*, the juvenile court's disposition order failed to declare under Welfare and Institutions Code section 702 whether the minor's wobbler offense was a felony or misdemeanor. (*In re G.C., supra*, 8 Cal.5th at p. 1122.) The Supreme Court granted review to determine whether the minor could challenge the juvenile court's neglect of this

mandatory duty in an appeal from a later dispositional order after the time to appeal the original disposition expired. (*Ibid.*) The court held that because there was no correlation between the Welfare and Institutions Code section 702 error in the original disposition and the judgment before the Court of Appeal, the appellate court lacked jurisdiction to remedy the defect. (*In re G.C.*, at p. 1130.)

The same rationale applies here. Not only is Moore attempting to challenge his sentence over a decade after his judgment of conviction became final and execution of his sentence commenced, but he is doing so for the first time on appeal from the denial of his section 1172.6 petition at the prima facie stage in a proceeding where he never raised the issue below. The trial court's alleged failure to select from an appropriate sentencing triad for the attempted robbery count is not part of the proceeding that is currently under review. (See e.g., *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [§ 1172.6 "does not afford the [defendant] a new opportunity to raise claims of trial error"].) Because there was no correlation between the alleged sentencing error and the section 1172.6 petition currently on appeal, the unauthorized sentence doctrine, which is an exception to the *forfeiture* doctrine, does not aid Moore. (*In re G.C., supra*, 8 Cal.5th at pp. 1129-1130.)

Moore cites *People v. Codinha* (2023) 92 Cal.App.5th 976 (*Codinha*) to argue that he is entitled to a full resentencing hearing to correct this unauthorized component of his sentence.

In *Codinha*, the defendant appealed an order increasing his aggregate prison term by 16 months in response to a letter from the Department of Corrections and Rehabilitation informing the trial court to consider whether it had erroneously imposed a concurrent prison term on a count on which the law required a consecutive term. (*Codinha, supra*, 92 Cal.App.5th at p. 980.) The *Codinha* court held that a trial court's inherent authority to correct an unauthorized sentence allows it to modify a final judgment in response to a notice from the department that a sentence does not contain a legally required component. It further held that the proper remedy is a full resentencing

hearing where the sentence includes multiple components and the trial court exercised discretion at the original sentencing hearing to impose a nonmaximum aggregate prison term it considered appropriate. (*Id.* at pp. 980-981.)

The *Codinha* court articulated the following rule: "A trial court that imposes a sentence unauthorized by law retains jurisdiction (or has inherent power) to correct the sentence at any time the error comes to its attention, even if execution of the sentence has commenced or the judgment imposing the sentence has become final and correction requires imposition of a more severe sentence, provided the error is apparent from the face of the record." (*Codinha, supra*, 92 Cal.App.5th at p. 990.) In reaching this conclusion, the *Codinha* court acknowledged a conflict in published decisions and a lack of clarity in the law that it felt warranted review by our Supreme Court. (*Id.* at p. 981.)

We find *People v. Moore, supra*, 68 Cal.App.5th 856 more persuasive than *Codinha* under the present circumstances given its analogous procedural posture with this case. In *People v. Moore*, the defendant appealed from an order denying his petition for a youth offender evidence preservation hearing under *People v. Franklin* (2016) 63 Cal.4th 261 and requested that a five-year prior serious felony enhancement be stricken as unauthorized. (*People v. Moore*, at pp. 861, 865.) The defendant's judgment in *People v. Moore* had been final for more than 20 years. (*Id.* at p. 866.) The appellate court found that it had no jurisdiction to consider the unauthorized sentence issue on an appeal from the denial of a *Franklin* proceeding because such a proceeding was unrelated to the validity of the defendant's sentence. (*Ibid.*)

In a procedural posture almost identical to that which we have here, our colleagues in the Fifth District recently concluded the same in *People v Hernandez* (2024) 103 Cal.App.5th 1111. In *Hernandez* the defendant filed an 1172.6 petition and rather than challenge the validity of the trial court's denial of his petition, he argued that his original sentence was unauthorized under section 1170.1. (*Hernandez*, at p. 1122). On appeal the court held that "the limited jurisdiction afforded by section 1172.6 does not

provide the trial court broad jurisdiction to correct alleged errors in the original judgment on alternative grounds. (See *People v. Strong* (2022) 13 Cal.5th 698, 713 [nothing in findings accompanying enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) evince a concern 'with correcting errors in past factfinding'])." (*Ibid.*)

The same is true here. The trial court's denial at the prima facie stage of Moore's section 1172.6 petition and his appeal from that denial did not confer jurisdiction on the trial court or this court over the judgment or sentence.[4] The unauthorized sentence doctrine has no application here and we have no jurisdiction to consider Moore's challenge to his sentence in this appeal. (See also *People v. King, supra*, 77 Cal.App.5th at p. 636 [the unauthorized sentence doctrine is not a vehicle to create jurisdiction to consider a trial court's sentencing error in a prior proceeding].)

This does not mean that Moore has no remedy, however. A defendant who contends his or her sentence is unauthorized may challenge the sentence in a petition for a writ of habeas corpus. (See *People v. King, supra*, 77 Cal.App.5th at p. 640.)

---

[4] Had Moore surmounted the requisite prima facie threshold, the proceedings after issuance of an order to show cause may have ultimately related to the validity of Moore's sentence. (§ 1172.6, subd. (d).) We need not consider this issue, however, because Moore did not make an adequate prima facie showing and the trial court had no authority to reopen Moore's final judgment or resentence him absent such a showing. (Cf. *People v. Delgadillo* (2022) 14 Cal.5th 216, 228 [because the defendant did not establish a prima facie case for relief under § 1172.6 and an order to show cause did not issue, he had no constitutional right to counsel]; *People v. Lewis* (2021) 11 Cal.5th 952, 972-973 [recognizing that a defendant can have a constitutional due process right to the appointment of counsel in habeas corpus or *coram nobis* proceedings after a defendant establishes a prima facie case for postconviction relief].)

**DISPOSITION**

The order denying Moore's section 1172.6 petition for resentencing is affirmed.

                                               _____/s/_____
                                               EARL, P. J.

We concur:

_____/s/_____
HULL, J.

_____/s/_____
FEINBERG, J.